781 So.2d 613 (2001)
Geralyn C. TRISS
v.
Michael E. CAREY, M.D.
No. 2000-CA-0608.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 2001.
*614 Joseph W. Thomas, New Orleans, LA, Counsel for Plaintiff/Appellant.
Bruce A. Cranner, Mara P. Endl, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of PLOTKIN, WALTZER and TOBIAS, Judges.
WALTZER, Judge.
Plaintiff, Geralyn Triss, appeals a judgment dismissing her claims for medical malpractice against Dr. Michael Carey for failure to state a right of action and prescription.

HISTORY OF THE CASE AND STATEMENT OF FACTS
Ms. Triss sought treatment from Dr. Carey in June 1995. Dr. Carey recommended surgery to correct Ms. Triss' problem. On 23 June 1995, Dr. Carey performed surgery on Ms. Triss.
On 17 July 1996, Ms. Triss filed a complaint, alleging malpractice, against Dr. Carey with the Division of Administration Medical Review Panel. Ms. Triss complained that Dr. Carey failed to perform surgery on the lumbar five-sacral one (L5-S1) level of her spine, although the MRI, upon which he relied, revealed problems at both the lumbar four-lumbar five (L4-L5) of her spine and the L5-S1. After an unfavorable opinion by the medical review panel, Ms. Triss filed a petition for damages against Dr. Carey alleging that he "failed and neglected to remove the disc materials from L5-S1 interspace or perform proper followup [sic] care."
Dr. Carey filed an exception of prescription arguing that on the face of Ms. Triss' complaint, her claims had prescribed. Moreover, he filed an exception of no right of action, arguing because Ms. Triss had not raised the claim of improper follow-up care in her original complaint to the Division of Administration Medical Review Panel, she was prohibited from raising it for the first time in the petition for damages. The trial court granted the exceptions. Ms. Triss appeals the judgment dated 23 November 1999, dismissing her claims against Dr. Carey.
ASSIGNMENT OF ERROR: The trial court erred by granting the peremptory exceptions of prescription and no right of action and dismissing Ms. Triss' claims.
The exceptions of prescription and no right of action are peremptory exceptions, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. LSA-C.C.P. art. 927 and 928(B). LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, *615 the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. Davis v. Hibernia National Bank, 98-1164, p. 2 (La.App. 4 Cir.2/24/99), 732 So.2d 61, 63, writ denied, 99-0897 (La.9/3/99), 747 So.2d 536.
LSA C.C.P. art. 931 provides;
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition to thereto, but the defendant may introduce no evidence except to rebut that offered by the plaintiff.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.
The prescriptive period in a medical malpractice action is controlled by LSA-R.S. 9:5628, which statute provides:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, or neglect.
Prescription commences and continues when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of malpractice. In re Morgan, 98-1001, p. 6, 98-1002 (La.App. 4 Cir. 12/16/98), 727 So.2d 536, 539-40. In her petition, Ms. Triss alleges that Dr. Carey failed to properly treat her with the surgery on 23 June 1995. Ms. Triss filed the complaint of malpractice on 17 July 1996.
The parties introduced no evidence at the trial of the peremptory exceptions of prescription and no right of action. Both Dr. Carey and Ms. Triss attached various documents to their memoranda to support and to controvert, respectively, the exceptions. Documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Caro v. Bradford White Corp., 96-120, p. 6 (La. App. 5 Cir.7/30/96), 678 So.2d 615, 618; Jensen v. Jensen, 93-455 (La.App. 3 Cir. 1/5/94), 630 So.2d 959, 963; City of Slidell v. Primo Enterprises, Inc., 542 So.2d 121, 122 (La.App. 1 Cir.1989). Because we are confronted with an incomplete record, we are unable to adequately review the trial court's judgment on the exceptions of prescription and no right of action.

CONCLUSION
For the above reasons, we vacate the judgment of the trial court, granting the peremptory exceptions of prescription and no right of action, and dismissing Ms. Triss' claims against Dr. Carey. We remand the case for proceedings consistent with this opinion.
VACATED AND REMANDED.