TERRI F. LOVE, Judge.
_jjThis appeal arises from property damage resulting from Hurricane Katrina. The plaintiff submitted her claims against Louisiana Citizens Property Insurance Corporation to mediation and settled. However, the plaintiff later sued asserting that all of her insurance claims were not covered in the settlement. The trial court found that the settlement barred the plaintiff from further claims, granted an exception of res judicata, and dismissed the plaintiffs claims. We find that the settlement was not introduced into evidence at the hearing on the exception, which created an incomplete record. Therefore, we vacate the trial court’s judgment and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Louisiana Citizens Property Insurance Corporation (“LCPIC”) insured Mary Porter’s residential property with an “all risk” policy during Hurricane Katrina. After filing a damage claim with LCPIC, Ms. Porter participated in mediation, pursuant to the Louisiana Mediation Act, and settled her claims on July 28, 2006. See La. R.S. 9:4101, et seq. However, on October 7, 2008, Ms. Porter filed a petition for damages against LCPIC, which alleged that LCPIC tendered partial payment pursuant to the settlement and that dwelling damages were not included in 12the settlement. LCPIC filed a peremptory exception of res judicata, or, alternatively, a motion to enforce settlement, which the trial court granted. Ms. Porter’s devolu-tive appeal followed.
Ms. Porter asserts that LCPIC failed to carry its evidentiary burden to establish that Ms. Porter’s claims were perempted, that the trial court abused its discretion by ruling on LCPIC’s exception before giving Ms. Porter additional time for discovery, and that the trial court erred by dismissing Ms. Porter’s claims for allegedly unpaid damages to her dwelling because the claims were not included in the settlement agreement.

STANDARD OF REVIEW

“The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct.” Fletchinger v. Fletchinger, 10-0474, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 403, 405. “[T]he doctrine of res judicata is strict! juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application.” Id., 10-0474, p. 5, 56 So.3d at 406. However, “[t]he trial court’s finding as to intent of *948 the parties is a finding of fact.” Pat O’Brien’s Bar, Inc. v. Franco’s Cocktail Products, Inc., 615 So.2d 429, 432 (La.App. 4 Cir.1993).

RES JUDICATA

“An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him.” La. C.C.P. art. 921. “The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. The exception of res judicata is | aproperly raised as a peremptory exception. La. C.C.P. art. 927. “The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both.” La. C.C.P. art. 928(B). “On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. If the grounds of the peremptory exception cannot be removed by amending the petition, the claims shall be dismissed. La. C.C.P. art. 934.
The Louisiana statute on res judi-cata, La. R.S. 13:4231, provides:
[ejxcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
“A settlement agreement is res judicata as between the parties and is entitled to the same effect as a judgment.” Louisiana Workers’ Comp. Corp. v. Betz, 00-0603, p. 5 (La.App. 4 Cir. 4/18/01), 792 So.2d 763, 766.

Evidentiary Burden

Ms. Porter contends that “documents attached to memoranda do not | constitute evidence and cannot be considered on appeal” and that LCPIC failed to introduce exhibits attached to its exception into evidence. Therefore, Ms. Porter asserts that LCPIC failed to meet its eviden-tiary burden.
“[Tjhe burden of proof is on” the party urging the exception of res judicata “to prove its essential elements by a preponderance of the evidence.” Betz, 000603, p. 3, 792 So.2d at 765. If “all essential elements are present and each necessary element has been established beyond all question,” res judicata may be invoked. Id.
 Ms. Porter’s assertion has merit. “Appellate courts are courts of record and may not review evidence that is not in the *949 appellate record, or receive new evidence.” Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. The Louisiana Supreme Court stated that “[e]vidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” Id. “Documents attached to memo-randa do not constitute evidence and cannot be considered as such on appeal.” Id. See also Triss v. Carey, 00-0608, p. 3 (La.App. 4 Cir. 2/7/01), 781 So.2d 613, 615; Argence L.L.C. v. Box Opportunities, Inc., 07-0765, p. 4 (La.App. 4 Cir. 3/13/08), 980 So.2d 786, 789 n. 3; Jackson v. United Servs. Auto. Ass’n Cas. Ins. Co., 08-333, pp. 6-7 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, 516; Wilson v. Beechgrove Redevelopment, L.L.C., 09-1080, p. 6 (La.App. 5 Cir. 4/27/10), 40 So.3d 242, 245.
In the case sub judice, LCPIC failed to introduce the settlement into evidence at the hearing. Accordingly, we vacate the trial court’s judgment and remand for an evidentiary hearing as well as a redetermi-nation of the exception of res judicata based on a complete record.

\ hDECREE

For the above mentioned reasons, we find that LCPIC failed to introduce the settlement into evidence. Therefore, we vacate the judgment and remand for proceedings consistent with this opinion.
VACATED AND REMANDED