TERRI F. LOVE, Judge.
11This is an appeal by Plaintiff, Francisco Galacia, from the trial court’s decision to grant the Motion to Vacate Settlement filed by Defendant, Louisiana Citizens Property Insurance Corporation and in conjunction therewith, dismiss Plaintiffs complaint with prejudice for Plaintiffs failure to comply with the court’s order to return the settlement funds to Louisiana Citizens Property Insurance Corporation. We find that the trial court did not err in granting Louisiana Citizens Property Corporation’s Motion to Vacate Settlement and did not abuse its discretion in dismissing Plaintiffs complaint with prejudice. Accordingly, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
This is a Hurricane Katrina-related homeowner’s dispute between the Plaintiff, Mr. Galacia, and his insurer, Louisiana Citizens Property Insurance Corporation (LCPIC). Mr. Galacia owned two properties located in Orleans Parish, 2816-18 Banks Street and 420-22 Gayoso Street, that he claimed were damaged in the storm. Both properties were insured under the same LCPIC policy. 12Mr. Galacia sought damages for these properties in a mass joinder suit filed in Civil District Court, Parish of Orleans against LCPIC. During the pendency of this action, he entered a settlement agreement with LCPIC. Mr. Galacia received $59,903.99 and executed a Receipt, Release and Indemnity Agreement. The Agreement in part released LCPIC from:
“... all claims and demands for loss and damage to property located at 2816-18 Banks Street, New Orleans, Louisiana 70119, and all other losses and damages covered under Louisiana Citizens Property Insurance Corporation, claim number 2006WI007405, policy number FZD 0152829 08....”
Thereafter, Mr. Galacia left the mass joinder litigation and filed the present lawsuit against LCPIC for damages to the Gayoso Street property. In response, counsel for LCPIC sent a letter to Mr. Galacia’s attorney advising that the claims asserted in the suit had already been settled. Mr. Galacia’s attorney then filed a Motion and Order to Dismiss With Prejudice, which was granted by the trial court. A few months later, Mr. Galacia’s attorney decided that the lawsuit had been improperly dismissed and accordingly, filed a Motion for Relief From Judgment and Motion to Re-Open Case.
The motion contended that the settlement agreement covered only the Banks Street property and that Mr. Galacia never intended for the settlement to cover any of the damage to the Gayoso Street property. In support of this position, Mr. Galacia noted that only the Banks Street property was explicitly named in the settlement *659 agreement. LCPIC countered that the settlement agreement expressly included “all other losses and damages” covered under the policy, which would also necessarily include the Gayoso Street property. After hearing Mr. Galacia’s argument that the settlement agreement covered only the Banks Street property and RLCPIC’s claim that both properties were covered by the agreement, the trial court granted Mr. Galacia’s Motion for Relief From Judgment.
In response, LCPIC filed a Motion to Vacate Settlement, citing the parties’ lack of consent to the settlement agreement, and also sought an order that Mr. Galacia return the $59,903.99 he received in settlement funds. On December 10, 2010, the trial court vacated the settlement and ordered Mr. Galacia to tender the $59,903.99 to LCPIC within thirty days of the judgment. Mr. Galacia did not return the settlement funds and instead, filed a Supplemental and Amended Petition for Damages asserting claims for the Banks Street property and the Gayoso Street property. On February 22, 2011, LCPIC filed its Motion to Dismiss For Failure to Comply with Court Order. The trial court heard argument on the motion on March 25, 2011. The trial court reiterated its order for Mr. Galacia to return the settlement funds within thirty days and cautioned that the lawsuit would be subject to dismissal if the funds were not returned. It issued a judgment memorializing these findings on April 13, 2011.
LCPIC filed an ex parte order re-urging its Motion to Dismiss when the funds were not returned; and on June 13, 2011, the trial court signed a judgment dismissing Mr. Galacia’s lawsuit with prejudice. This appeal followed.[1]
JjLCPIC’S EVIDENTIARY BURDEN OF PROOF
Mr. Galacia argues in his first assignment of error argues that the trial court erred when it granted LCPIC’s Motion to Vacate the Settlement Agreement because LCPIC did not introduce any evidence in support of its motion. He represents that LCPIC attached four exhibits to its supporting memorandum; however, LCPIC did not offer the settlement agreement or any other exhibits into evidence nor did it elicit testimony from witnesses to prove its claim that there was no meeting of the minds. Mr. Galacia cites Triss v. Carey, 00-608 (La.App. 4 Cir. 2/7/01), 781 So.2d 613, and Porter v. Louisiana Citizens Property Insurance Corporation, 11-0101 (La.App. 4 Cir. 8/31/11), 72 So.3d 946, in support of this argument.
The Triss decision vacated the trial court’s judgment that had granted the defendant’s peremptory exceptions of no right of action and prescription. The decision found that the parties introduced no evidence at the exceptions and stated that documents attached to memoranda do not constitute evidence and cannot be considered on appeal. Because the court was confronted with an incomplete record, it was unable to review the trial court’s judgment on the exceptions and hence, vacated and remanded the judgment. Id., 00-0608, p. 3-4, 781 So.2d at 615.
*660 Likewise, this Court in Porter v. Louisiana Citizens Property Insurance Corporation also vacated and remanded the trial court’s decision to grant the insurer’s exception of res judicata. The insurer filed an exception of res judicata or alternatively, a motion to enforce a settlement agreement reached with its insured. |aIn relying upon Louisiana Workers’ Comp. Corp. v. Betz, 00-603, p. 3 (La.App. 4 Cir. 4/18/01), 792 So.2d 763, 765, we opined that the burden of proof is on the party urging the exception of res judicata to prove its essential elements by a preponderance of the evidence. The insurer failed to introduce exhibits attached to its exception into evidence. Thus, we concluded that the insurer could not obtain dismissal based on res judicata without entering the parties’ prior settlement agreement into evidence. Porter, 11-0101, p. 4, 72 So.3d at 949.
The facts of the case at bar, however, are distinguishable from those referenced in Triss and Porter, supra. Unlike the movers in Triss and Porter, LCPIC did not file nor did the trial court grant any peremptory exceptions to enforce the settlement agreement. Therefore, the only issue this court needs to resolve is whether the trial court had a sound legal basis to grant LCPIC’s Motion to Vacate the Settlement Agreement. We find that it did.
At the time that LCPIC filed its Motion to Vacate, the trial court, upon Mr. Gala-cia’s own motion, had already granted him relief from abiding by the very same settlement agreement that LCPIC sought to vacate. The trial court accepted Mr. Gala-cia’s contention that the agreement covered only the Banks Street property and LCPIC’s countervailing claim that the agreement extended to the Banks and Gayoso Street properties. Neither party appealed this judgment. We therefore conclude that the judgment that released Mr. Galacia from the settlement agreement also released LCPIC. As there was no enforceable settlement agreement when LCPIC filed its Motion to Vacate, LCPIC was relieved of any evidentiary obligation to prove that the agreement should be vacated in its entirety. The legal arguments raised by LCPIC in its Motion to Vacate provided the trial | ficourt with sufficient reasons to grant the motion. Therefore, this assignment of error lacks merit.
MEETING OF THE MINDS
Mr. Galacia’s second assignment of error maintains that the trial court erred when it found that there had been no meeting of the minds about the Banks Street property. He argues that the “unambiguous” language of the settlement agreement showed that the parties intended to only settle the Banks Street property claim because that was the lone property expressly named in the release. We find no merit to this argument. The language of the settlement agreement is clearly not unambiguous. Mr. Galacia interpreted the agreement to cover only the Banks Street property. In contrast, LCPIC believed the release’s language covered all other losses and damages under the policy, including the Gayoso Street. Mr. Galacia’s counsel conceded at the Motion For Relief From Judgment hearing that there might not be a meeting of the minds if LCPIC’s intent was to settle the claims against both properties. As referenced herein, Mr. Ga-lacia effectively forfeited any argument to claim that the parties had a meeting of the minds when he requested relief from the agreement. The parties clearly had different interpretations of the settlement agreement. The trial court correctly determined that there cannot be consent where there is no meeting of the minds. Accordingly, the trial court did not err in vacating the settlement agreement.
*661 FAILURE TO RETURN SETTLEMENT FUNDS
Mr. Galacia’s third assignment of error alleges that the trial court abused its discretion when it dismissed his claims with prejudice because he failed to return the settlement funds. However, he acknowledges that the trial court had the inherent authority to dismiss his claim. La. C.C.P. art. 191.
17An appellate court generally reviews a judgment of dismissal under the abuse of discretion standard. Ridgeway v. Pierre, 06-0521, 06-0522, p.4 (La.App. 4 Cir. 1/11/07), 950 So.2d 884, 888. Mr. Galacia suggests that this court rely on Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203, to find that the trial court abused its discretion in dismissing his complaint. Horton lists four factors that a court should evaluate to decide whether a failure to comply with discovery mandates dismissal. These factors include 1) whether the violation was willful or resulted from inability to comply; 2) whether a less drastic sanction would be effective; 3) whether the violation prejudiced the opposing party’s trial court preparation; and 4) whether the client participated in the violation or simply misunderstood a court order or innocently heard a derelict attorney. Id., 93-2315, p. 10, 635 So.2d at 203. Mr. Galacia contends that none of the Horton factors were met in the present matter. Specifically, he argues that his failure to return the settlement funds was not willful, but rather was because he had already spent the funds on the Banks Street property. He claims that the trial court should have used a less drastic measure, such as dismissal of his Banks Street claims because the disputed settlement funds related to that property. He also alleges that LCPIC would not have been prejudiced by a lesser sanction because discovery was still on-going and there was no evidence in the record to suggest that Mr. Galacia was aware that his case was subject to dismissal. He thereby reasons that the trial court erred in dismissing his claim with prejudice. We disagree.
First of all, the Horton factors do not apply to the facts of this case because the dismissal was not based on a failure to comply with discovery demands. However, even if this Court applies the Horton factors, we still conclude that the trial court did not abuse its discretion in dismissing Mr. Galacia’s complaint.
|sThe record reveals that Mr. Galacia never made an effort to return any portion of the settlement funds. Mr. Galacia’s insistence that the trial court should have imposed a lesser sanction because he allegedly used the settlement funds to repair the Banks Street property overlooks that he was not legally entitled to those funds once he was granted relief from the settlement agreement and he filed the amended complaint that sought recovery for the Banks and Gayoso Street properties. Simple equity dictates that LCPIC would be prejudiced if Mr. Galacia were allowed to retain settlement funds to which he was no longer entitled and to which LCPIC no longer had an obligation to pay. Mr. Gala-cia cannot keep the settlement funds and pursue litigation against LCPIC at the same time. This Court also cannot overlook that the issuance of the order to return the settlement funds was trigged when the trial court granted Mr. Galacia’s Motion For Relief From Judgment. At the hearing on that motion, LCPIC and the trial court discussed that LCPIC would file a motion to vacate and request a return of the of the settlement funds. The trial court afforded Mr. Galacia two thirty-day notices that his case would be subject to dismissal if the settlement funds were not returned. Mr. Galacia was represent *662 ed by counsel at every stage of these proceedings. These circumstances contradict any claim that he was unaware that his case could be dismissed. Therefore, the trial court did not abuse its discretion in dismissing Mr. Galacia’s case when he did not return the settlement funds.
DECREE
Based on the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. LCPIC argues that this Court does not have jurisdiction over Mr. Galacia’s appeal as it seeks review of the April 13, 2011 judgment that deferred the imposition of sanctions, not the June 13, 2011 judgment that actually dismissed Mr. Galacia’s complaint. Therefore, LCPIC maintains that the April 13, 2011 judgment is not a final, appealable judgment over which this court has jurisdiction. However, we agree with Mr. Galacia that this Court does have jurisdiction pursuant to La. C.C.P. art. 1915(A)(6) because the April 13 judgment effectively imposed sanctions when it provided that Mr. Galacia’s lawsuit would be dismissed in the event the settlement funds were not returned.