JUDE G. GRAVOIS, Judge.
| ^Plaintiff/appellant appeals a trial court judgment which granted defendant/appel-lee’s peremptory exception of res judicata. For the following reasons, we vacate the trial court’s judgment granting the exception of res. judicata and remand the matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

' On September 23, 2014, plaintiff/appellant,, SCS Enterprises, Inc. (“SCS”), filed a Petition for Damages and Declaratory Judgment against defendant/appellee, Dean St. Pierre. The petition alleged that Mr. St. Pierre and Russell Saluto were equal shareholders and members of the board of directors of SCS, and that on an unknown date, but prior to January- 2010, SCS discovered that Mr. St. Pierre had allegedly improperly withdrawn $850,000.00 in funds from SCS’s bank account. . The petition farther alleged that on January 20, 2010, SCS and Mr. St. Pierre entered into a “Stock Purchase & Repayment of Debt Agreement and Promissory Note,” whereby Mr. St. Pierre agreed to reimburse $850,000.00 to SCS through cash payments, transfer of certain assets, and’ application of dividends, and that in ^exchange for the agreement, SCS “released [Mr.] St. Pierre from any claims or causes of action it had for the $850,000.00.” In its petition, SCS alleged that the following release language is contained in the agreement,[1] to-wit:
SCS hereby relieves, releases, acquits and discharges Dean St. Pierre with prejudice, from any and all manner of actions, causes of action, suits, cove *665 nants, contracts, controversies, agreements, promises, liabilities, damages, judgments, claims and demands whatsoever, in law, in equity, or otherwise, present or future, which SCS, its officer and shareholders now have or at any time hereafter may have, or, but for the execution of this Agreement, could or might have against Dean St. Pierre, with respect to, in connection with, or related to, any and all amounts owed to SCS or its shareholders, including any amounts due for payroll services address [sic] in the paragraph below, prior to the date of this Agreement.
Upon execution of this Agreement, SCS agrees never to pursue any claims, interests, causes of actions, demands, judgments, whatsoever, in law, in equity, or otherwise, against Dean St. Pierre regarding any and all amounts owed to SCS by Dean St.> Pierre, except for breached [sic] of this Agreement itself.
Of the $850,000 due to SCS in paragraph 1, the sum of $50,000 is paid in consideration of and satisfaction of any and all claims SCS could,have brought against Rob Myers and/or Dean St. Pierre which are attributable to payroll services rendered by Rob Myers to SCS. All other causes of action against Rob Myers which exist now or may exist in the future are unaffected by this payment.
Additionally, the petition alleged that Mr. St. Pierre was removed from the board of directors of SCS and his ownership interest in SCS was reduced to ten percent.
The petition further alleged that in September 2014, SCS discovered that from at least March of 2008 through at least December of 2009, Mr. St. Pierre “surreptitiously” took checks totaling between $307,000.00 and $612,421.00 from SCS’s customers for payment of invoices, endorsed them in SCS’s name, deposited them into a bank'account of “SCS Employer’s Group, LLC,”[2] and then allegedly “embezzled and/or converted” said funds to his personal úse. SCS argued that this embezzlement and/or conversion of funds by Mr. St. Pierre was |4not intended by either party to be included in the January 20, 2010 release. Accordingly, SCS asserted that Mr. St. Pierre is hable to SCS “for ah sums proven at trial to have been embezzled 'and/or converted by [Mr. - St. Pierre] between March 2008 to at least December 2009, judicial interest from the date of judicial demand until paid, and for all costs of these proceedings.” Finally, in its petition, SCS sought a declaratory judgment “rejecting the application of the January 20, 2010 release clearly referring to only the $850,000 acknowledged owed and not the additional $307,000 and [sic] $612,421.00 deposited in SCS Employer’s Group, .LLC’s account as any such release of liability would be an absurd consequence not intended by the parties and would countenance [Mr.] St. Pierre’s fraudulent concealment of his embezzlement and/or conversion activities to the detriment of [SCS].”
In response to the petition, Mr. St. Pierre filed a peremptory exception of res judicata, claiming that the 2010 agreement “clearly -and unambiguously - discharged Mr. St. Pierre, with prejudice from any and all claims, present or future, related to amounts owed by Mr. St. Pierre to SCS.” Mr. St.. Pierre attached an alleged “true and correct copy” of the 2010 agreement to his memorandum in support of his exception of res judicata.
*666 A hearing on the exception of res judi-cata was held on December 9, 2014. At the conclusion of the hearing, the trial court took the matter under advisement, and on December 19, 2014, rendered judgment granting the exception of res judicata. In reasons included within the judgment, the court found that in the agreement, the parties entered into a valid and binding compromise and that the compromise encompassed the instant cause of action asserted by SCS. This timely appeal by SCS followed.
|fiOn appeal, SCS asserts the following assignments of error, to-wit:
1. The trial court committed legal error in placing the burden upon SCS to disprove the application of res judicata instead of upon Mr. St. Pierre to prove each essential element by preponderance of evidence as required by law.
2. The trial court committed legal error in failing to rule against the application of res judicata when there was doubt as to whether the conversion claim was intended to be compromised along with the $850,000.00 debt.
3. The trial court committed legal error in granting the exception of res judicata based upon a compromise document not introduced into evidence.
4. The trial court committed legal error in adding the words “known and unknown” to the Stock Purchase and Repayment of Debt Agreement between SCS and Mr. St. Pierre.
5. The trial court committed legal error in failing to permit testimony of witnesses present at the day of trial of the exception of res judicata after expressly asking counsel for additional evidence in opposition to the exception.

ASSIGNMENT OF ERROR NUMBER THREE

In its third assignment of error,[3] SCS asserts that the trial court erred in granting the exception of res judicata based upon a compromise document (the “Stock Purchase & Repayment of Debt” agreement) which was never properly introduced into evidence. SCS argues that this agreement is “at the heart of’ Mr. St. Pierre’s res judicata claim, and because it was not properly introduced at the hearing on the exception, Mr. St. Pierre failed to prove an essential element of his exception of res judicata. In his response brief, Mr. St. Pierre acknowledges that his counsel failed to formally introduce the agreement into evidence at the hearing on the exception, but argues, nevertheless, that the relevant language of the agreement was quoted in SCS’s petition, in Mr. St. Pierre’s memorandum in support of the exception, and in SCS’s opposition to the exception, and thus, this 16Court may properly consider the relevant language of the agreement. Mr. St. Pierre also argues that it “would be a waste of judicial resources” to remand the matter to the trial court on this basis alone.
Louisiana Revised Statute 13:4231 defines the doctrine of res judicata as follows:
Except as otherwise provided by law, a valid and final judgmént is conclusive between the same parties, except on ap *667 peal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The Louisiana Supreme Court has held that a valid compromise can form the basis of a plea of res judicata. Ortego v. State, Dep’t of Transp. & Dev., 96-1322 (La.2/25/97), 689 So.2d 1358, 1364.
The party urging a peremptory exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Rudolph v. D.R.D. Towing Co., LLC, 10-629 (La.App. 5 Cir. 1/11/11), 59 So.3d 1274, 1277. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Management Services, Inc., 07-2143 (La.5/21/08), 983 So.2d 84, 88-89. Documents attached to memoran-da do not constitute evidence and cannot be considered as such on appeal. Id. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Id.
Here, the record is uncontradicted that neither SCS nor Mr. St. Pierre introduced any evidence at the hearing on the exception.[4] Although some alleged parts of the January 20, 2010 agreement are quoted in SCS’s petition, in Mr. St. Pierre’s memorandum in support of the exception, and in SCS’s opposition to the exception, without the entirety of the agreement, including any and all exhibits and attachments thereto, having properly been placed into evidence at the hearing on the exception, we are unable to review the correctness of the trial court’s judgment granting the exception of res judica-ta. Accordingly, because Mr. St. Pierre failed to prove an essential element of his exception of res judicata, we are constrained to vacate the judgment of the trial court granting the exception of res judica-ta and remand the matter for further proceedings.[5] Further, based on our ruling herein, we pretermit any review or discussion on SCS’s remaining assignments of error.

CONCLUSION

For the foregoing reasons, we vacate the judgment sustaining Mr. St. Pierre’s ex *668 ception of res judicata and remand the matter for further proceedings.

VACATED AND REMANDED

. SCS did not attach a copy of the agreement to its petition.

. On appeal, SCS asserts that "SCS Employers Group, LLC” was the predecessor to “SCS Enterprises, Inc.”

. In its brief to this Court, SCS addressed the arguments made in this assignment of error first. We address the arguments made in this assignment of error first because, as hereinafter set forth, our analysis and disposition of this assignment are dispositive of this appeal without the necessity of review and' analysis of the remaining assignments of error.

. Although an alleged "true and correct copy” of the agreement was attached to Mr. St. Pierre's memorandum in support of the exception which was filed into the trial court record and referenced throughout the hearing, at no time did Mr. St. Pierre move to admit the agreement into evidence, nor did the trial court admit it into evidence.

. We note that the exception may be re-urged in accordance with La. C.C.P. art 928(B). See Bovie v. St. John the Baptist Parish, 13-162 (La.App. 5 Cir. 9/04/13), 125 So.3d 1158.