CHAISSON, J.
1 íDarryl A. Sumlin appeals a judgment of the trial court in favor of Gregory Jackson annulling and setting aside an Act of Donation of Property from Mr. Jackson to Mr. Sumlin. For the-reasons that follow, we find that the judgment on appeal is a partial judgment that has not been designated as final pursuant to La. C.C.P. art. 1915(B), and that we therefore currently lack appellate jurisdiction to address the *903 merits of this appeal. Accordingly, we dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings.
PROCEDURAL HISTORY
Mr. Jackson filed suit seeking to have an Act of Donation of Property to Mr. Sumlin annulled and set aside. In response, Mr. Sumlin filed a reconventional demand against Mr. Jackson seeking to recover damages and the value of the improvements that he allegedly placed on the donated property, in the event that the donation was annulled. On September 15, 2015, a judge trial was held at which testimony and exhibits were presented on both Mr. Jackson’s main demand and on Mr. Sumlin’s reconventional demand. The trial judge took both matters under advisement and on November 9, 2015, rendered judgment in favor of Mr. Jackson annulling the Act of Donation of Property to Mr. Sumlin. However, as to Mr. Sumlin’s re-conventional demand, the trial judge found that there was insufficient evidence before her to make a determination on any amounts to which Mr. Sumlin may be entitled for improvements that he allegedly made to the property, and she therefore severed the reconventional demand from the main demand at that time and set a status conference for a later date to set the matter for trial “on the parties’ respective claims post-annulment.”
|aOn December 7, 2015, Mr. Sumlin filed a motion for suspensive appeal of the November 9, 2015 judgment, which the trial court subsequently granted. In Mr. Sum-lin’s appeal, his assignments of error are all directed to the trial court’s ruling which annulled the Act of Donation of Property.
LAW AND ANALYSIS
This Court cannot determine the merits óf an appeal unless our jurisdiction is properly invoked by a valid final judgment. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. La. C.C.P. art. 1915(B) provides, in pertinent part:
(1) When a court renders a partial judgment ... as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, [or] reconventional demand ... the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Upon review of the record, we find that the judgment appealed is not a valid, final judgment and, therefore, this Court lacks jurisdiction to consider the merits of Mr. Sumlin’s appeal. While the November 9, 2015 judgment disposed of Mr. Jackson’s claim on the main demand, it did not dispose of Mr. Sumlin’s claims contained in his reconventional demand. Specifically, the judgment severed Mr. Sumlin’s recon-ventional demand from the main demand and set a status conference for a later date to set the matter for trial “on the parties’ respective |Rclaims post-annulment.”[1] Mr. *904 Sumlin did not request that the trial court make a determination and designation that the judgment was final for purposes of immediate appeal pursuant to La. C.C.P. art. 1915(B), and the record does not reflect that any such determination or designation was made by the trial court.
Since the trial court rendered a partial judgment as to less than all of the claims of the parties, and the judgment has not been designated as a final judgment by the trial court after an express determination that' there is no just reason for delay, the November 9, 2015 judgment is not a final judgment under La. C.C.P. art. 1915, and is not appealable as one “... in which appeals are given by law’ under La. C.C.P. art. 2083. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112; Laviolette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160, 162.
DECREE
Accordingly, we dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings,

APPEAL DISMISSED; CASE REMANDED

. We recognize that a final judgment may be rendered and signed by the court even though it may not adjudicate all of the issues in the case when the court signs a judgment on either the principal or incidental demand, when the two have been tried separately as provided by La. C.C.P. art. 1038. See La. C.C.P. art. 1915(A)(4). (Emphasis added). *904 In the case before us, the trial transcript clearly reveals that both Mr. Jackson’s main demand ánd Mr. Sumlin’s reconventional demand were being tried together to the trial court, that testimony and exhibits were presented as to both claims, and that the only mention of severance in the record occurred two months post-trial when the trial court, sua sponte, severed the reconventional demand from the main demand in the judgment. Under these circumstances, the principal and incidental demands have not been tried separately.