Judge Terri F. Love
I,This appeal arises' from damages to plaintiffs oyster beds sustained- during the drilling of oil wells by defendant. Plaintiff filed suit against defendant to recoup for the damages to his oyster beds. Defendant filed an exception of res judicata, contending that the written releases barred plaintiffs suit. The trial court did not accept testimony or evidence; but granted the exception. We find that the record is incomplete for an appellate review, as the trial court erred by not holding a formal evidentiary hearing. Therefore, we reverse and remand the matter for said hearing. Accordingly, the judgment 'of the trial court is vacated and the- matter remanded.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Wade White, a lifetime oysterman, is the owner of multiple oyster leases. Cox Operating, LLC[1] (“Cox”) entered into a “Receipt and Release” for $10.0,000 with Mr. White in 2000, when Cox began drilling wells near some of his oyster leases. Subsequently, Cox sought to drill more wells near Mr. White’s leases. In 2012, Cox negotiated another drilling release with Mr. White for $175,000.
Around April 1, 2012, Mr. White discovered Cox’s pilings driven into his oyster leases' and water traffic that differed from the agreed upon routes on ingress/egress. Mr. White then Contacted Cox, who allegedly admitted the error and ^promised payment for damages. Cox removed the pilings and then continued following the previous agreed upon ingress/egress routes. Cox later maintained; that the executed drilling, releases covered any damages caused by the pilings and extra water traffic.
Mr. White then filed a Petition for Damages against Cox due to the pilings. Cox' filed a reconventional demand for breach of contract of settlement/compromise, declaratory judgment, and attorney’s fees/ costs. Cox also filed peremptory exceptions of res judicata and no right of action and sought expedited consideration from the trial court. The trial court heard oral argument, but did not accept live testimony or evidence. After taking the matter under advisement, the trial court granted Cox’s exception of res judicata and denied the exception of no right of action. Mr. White’s devolutive appeal followed.

MOTION TO DISMISS

Cox filed a Motion to Dismiss Mr. White’s appeal, asserting that this Court *537 lacks subject matter jurisdiction because the judgment was not final and appealable. Cox avers that La. C.C.P.. art. 1915(B) applies to the judgment because-its recon-ventional demand remains, which would require a designation by the trial court that the judgment is final and appealable. Cox’s contention lack merit.
“A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. art. 1841. La. C.C.P. art. 1915(B)(1) provides:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim,. or intervention, the judgment shall not constitute a -final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
IsCox’s reliance on the above provision is misguided. The trial court’s judgment dismissed all of Mr. White’s claims; thereby creating a final judgment. La. C.C.P. art. 1915(A) states, in pertinent part:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all pf the relief prayed for, ■ or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
* * *
(4) Signs a judgment on either .the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
La. C.C.P. art. 1038 provides that
The court may order the separate trial of the- principal -and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
When the principal, and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.
Cox cites Jackson v. Sumlin, 16-96, pp. 2-3 (La.App. 5 Cir. 7/7/16), 196 So.3d 902, 903-04, for the premise that a judgment that does not dispose of the reconventional demand is not final. While not binding precedent, Jackson is nonetheless distinguishable. The Jackson court stated that La. C.C.P. art. 1915(A)(4). did not apply because-the record reflected that the trial court tried both the main demand and the reconventional demand concurrently. 16-96, p. 3, 196 So.3d at 903, n.1. Conversely, in the present matter, the transcript reflects that the trial court did not consider any evidence, testimony, or oral argument related to Cox’s reconventional demand. In fact, Cox’s Motion to Dismiss noted .that the trial court held a hearing on its Motion for Summary Judgment regarding the re-conventional 14demand, but had yet to issue a ruling. As such, we find that the 'matters were tried separately' pursuant to La. C.C.P. art. 1038, which triggered the application of La. C.C.P. art. 1915(A)(4).
Further, La. C.C.P. art. 1915(A)(1) is .also applicable because, all of -Mr. White’s claims were dismissed by the trial court on the exception of -res judicata. “[I]f one party is completely dismissed from a *538 suit, the judgment is final under Article 1915(A)(1), and there is no requirement to have it designated as final.” Jeansonne v. New York Life Ins. Co., 08-932, p. 9 (La. App. 3 Cir. 5/20/09), 11 So.3d 1160, 1168. As both La. C.C.P. art. 1915(A)(1) and (4) apply to the present matter, Cox’s Motion to Dismiss is denied.

STANDARD OF REVIEW

“In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly. wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.” Hall v. Folger Coffee Co., 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. “Thus, a reviewing court may not merely decide if it would have found the facts of the case differently.” Id. This Court noted:
In order to reverse findings of the fact-finder, “an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong.”
Harold A. Asher, CPA, LLC v. Haik, 12-0771, p. 4 (La.App. 4 Cir. 4/10/13), 116 So.3d 720, 723-24, quoting S.J. v. Lafayette Parish Sch. Bd., 09-2195, p. 12 (La. 7/6/10), 41 So.3d 1119, 1127. “The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case | ^differently.” Coutee v. Glob. Marine Drilling Co., 05-0756, p. 5 (La. 2/22/06), 924 So.2d 112, 116. “Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id. 05-0756, pp. 5-6, 924 So.2d at 116.
“The manifest error standard of review also applies to ‘mixed questions of law and fact.’ ” Serou v. Touro Infirmary, 12-0089, p. 18. (La.App. 4 Cir. 1/9/13), 105 So.3d 1068, 1083, quoting Brasseaux v. Town of Mamou, 99-1584, pp. 7-8 (La. 1/19/00), 752 So.2d 815, 820-21.
“Conversely, appellate courts review questions of law using the de. novo standard.” Haik, 12-0771, p. 5, 116 So.3d at 724.

RES JUDICATA

“An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him.” La. C.C.P. art. 921. “The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. Res judicata can be raised as a peremptory exception. La. C.C.P. art. 927. “If the peremptory exception has been filed after the answer, but at or prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case.” La. C.C.P. art. 929. “On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931.
“The party urging á peremptory exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence.” SCS Enterprises, Inc. v. St. Pierre, 15-116, p. 6 (La.App. 5 Cir. 9/23/15), 176 So.3d 663, 667. “Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the *539 record.” Denoux v. Vessel Mgmt. Servs., Inc., 07-2148, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Further, “[documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.” Id. “Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Id.
It is undisputed that neither party introduced evidence or testimony at the hearing on the exception of res judicata. As such, this Court does not have a complete record to review the trial court’s judgment. Accordingly, we vacate the trial court’s judgment and remand the matter for an evidentiary hearing. See Coston v. Seo, 12-0216 (La.App. 4 Cir. 8/15/12), 99 So.3d 83; Porter v. Louisiana Citizens Prop. Ins. Corp., 11-0101 (La.App. 4 Cir. 8/31/11), 72 So.3d 946; Triss v. Carey, 00-0608 (La.App. 4 Cir. 2/7/01), 781 So.2d 613; In re Succession of Carlton, 11-288 (La.App. 3 Cir. 10/5/11), 77 So.3d 989; Brielle’s Florist & Gifts, Inc. v. Trans Tech. Inc., 11-260 (La.App. 3 Cir. 10/5/11), 74 So.3d 833; SCS Enterprises, Inc., 15-116, 176 So.3d 663; Rudolph v. D.R.D. Towing Co., LLC, 10-629 (LaApp. 5 Cir. 1/11/11), 59 So.3d 1274.

DECREE

For the above-mentioned reasons, we find that the parties failed to introduce evidence at the hearing on the exception of res judicata. Therefore, we vacate the trial court’s judgment and remand the matter for further proceedings consistent with this opinion.
VACATED AND REMANDED

. It is undisputed that Cox’s predecessor orlg-inally negotiated with Mr. White.