Judge Edwin A. Lombard
h This appeal is from the district court judgment of July 25, 2016, granting the peremptory exception of res judicata filed by defendant/appellee, Regnald Kenning Hoddinott, III, and dismissing with prejudice the petition for damages filed by plaintiff/appellant, Jo Schernbeck Hoddi-nott. After review of the record in light of the applicable law and arguments of the parties, we vacate the district court judgment and remand for further proceedings.

Relevant Facts and Procedural History

On September 3, 2014, the parties entered into a consent judgment pertaining to claims of physical violence and domestic abuse. In a separate judgment on that same date, the parties were granted a divorce dissolving their twelve-year marriage. On August 7, 2015, the plaintiff filed the instant lawsuit against the defendant, alleging various tort claims. In response, the defendant filed exceptions of no cause of action and res judicata. After a hearing, the district court denied the exception of no cause of action but granted the exception of res judicata.
The plaintiff filed this timely appeal.
| Standard of Review
On appeal, we review an exception of res judicata to determine if the district court decision is legally correct. Porter v. Louisiana Citizens Property Insurance Corporation, 11-0101, p. 2 (La.App. 4 Cir. 8/31/11), 72 So.3d 946, 947 (citation omitted).

Applicable Law

The burden of proof is on the party urging the exception of res judicata to prove the essential elements by a preponderance of the evidence. Porter, 11-0101, p. 4, 72 So.3d at 948 (citation omitted). Thus, to determine the merits of an exception of res judicata, “the court must examine not only the pleadings of the case at hand but also the entire record in the first suit, to determine whether the availability of the particular form of relief sought in the second suit was actually ruled upon.” Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758, 760 (La. 1978); see also Union Planters Bank v. Commercial Capitol Holding Corp., 04-0871, p. 3-4 (La. App. 1 Cir. 3/24/05), 907 So.2d 129, 130 (the court cannot consider exhibits filed into record as attachment to memorandum in determining issues on appeal; there is no provision in the law for this court to take judicial notice of a suit record from another court). Brielle’s Florist & Gifts, Inc. v. Trans Tech, Inc., 11-260, p. 3 (La. App. 3 Cir. 10/5/11), 74 So.3d 833, 835 (failure to introduce entire record of first suit into record can prohibit the party pleading exception of res judicata from meeting its burden of proof). Moreover, it is axiomatic that “[ajppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.” Denoux v. Vessel Mgmt. Servs., Inc. 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Accordingly, evidence that has not been “properly and officially offered and introduced” in the ladistrict court cannot be considered by this court “even if it is physically placed in the record.” Denoux, supra.

Discussion

Counsel for the defendant concedes that the consent judgment was not introduced into the record, arguing only that, because the record contains copies of the judgment, this court should take judicial notice of it. This is contrary to the Louisiana Supreme Court’s specific instruction that “[d]ocu-ments attached to memoranda do not con *542 stitute evidence and cannot be considered as such on appeal.” Denoux, supra; see also Louisiana Business College v. Crump, 474 So.2d 1366, 1369 (La. App. 2 Cir. 1985) (“There is no provision in the law for this court to take judicial notice of the suit records from another court.”).

Conclusion

Because the defendant/appellee failed to introduce the record of the lawsuit and judgment underlying his claim of res judicata into evidence at the hearing, the district court judgment is vacated and the matter is remanded for an evidentiary hearing to determine the defendant’s exception of res judicata based on a complete record.
VACATED AND REMANDED.