| SUCCESSION OF JEANINE S. PASSAFUME | * | NO. 2024-CA-0339 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-07338, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

Deborah M. Henson
ATTORNEY AT LAW
1222 Broadway Street
New Orleans, LA 70118

      COUNSEL FOR PLAINTIFF/APPELLEE

Brad P. Scott
Christopher A. Meeks
Kayla Martynenko
SCOTT VICKNAIR, LLC
1321 Ochsner Blvd., Suite 100
Covington, LA 70433

      COUNSEL FOR PLAINTIFF/APPELLANT

**AFFIRMED IN PART; REVERSED IN PART**
**DECEMBER 12, 2024**

SCJ
TFL
KKH

This matter arises from a succession proceeding. Appellant, Jason Passafume ("Mr. Passafume"), appeals the January 24, 2024 judgment of the district court, which granted Wendy Passafume's ("Ms. Passafume") petition to be sent into possession of legacy and placed Wendy Passafume and James Carter Jacobs ("Mr. Jacobs") in possession and ownership of immovable property. For the reasons that follow, we affirm in part and reverse in part the January 24, 2024 judgment.

## FACTS AND PROCEDURAL HISTORY

Decedent, Jeanine S. Passafume died testate on October 21, 2014. Prior to her death, Jeanine S. Passafume executed a notarial will in which she bequeathed in equal portions all cash to Mr. Passafume, Ms. Passafume, and Mr. Jacobs. She also bequeathed in equal portions her home at 4015 Palmyra St. in New Orleans to Ms. Passafume and Mr. Jacobs. Following Jeanine S. Passafume's death, Mr. Jacobs filed a petition to probate notarial will and for appointment of executor on

July 31, 2015. The district court ordered that the succession of Jeanine S. Passafume was judicially opened and appointed Mr. Jacobs as administrator of the succession, subject to his compliance with the requirements of law.

On August 31, 2020, Mr. Passafume filed a motion to compel interim accounting. Thereafter, on December 22, 2020, Mr. Jacobs voluntarily withdrew as administrator. On February 9, 2021, Mr. Passafume filed a petition for appointment of executor. On March 22, 2021, the district court appointed Mr. Passafume as the executor of the succession and ordered him to post security in the form of a $500.00 cash bond.

Mr. Passafume filed a petition for possession of premises pursuant to La. C.C.P. art. 4731, alleging that the property located at 4013-4015 Palmyra Street in New Orleans (the "property") is owned by the estate and Ms. Passafume has occupied the property since the decedent passed away. Mr. Passafume further alleged that Ms. Passafume has no ownership interest in the property and no legal right to occupy it.

On June 20, 2023, Ms. Passafume moved to compel the filing of annual accounting, detailed descriptive list, and tableau of distribution. The parties subsequently entered into a stipulated judgment that ordered Mr. Passafume to file a sworn detailed descriptive list and annual accounting covering the entire period of the succession's administration. The stipulated judgment further ordered that the hearing on the petition for possession was continued. On July 25, 2023, Mr. Passafume filed a sworn detailed descriptive list, and an interim accounting and

notice that the account may be homologated. Ms. Passafume filed an opposition to the interim accounting, arguing that the interim accounting did not reflect the debt owed to the estate by the previous administrator and that she should not be liable for rental reimbursement.

On December 18, 2023, the district court held a hearing on the following: 1) the petition for possession of premises filed by Mr. Passafume; 2) motion to compel filing of annual accounting, detailed descriptive list, and tableau of distribution filed by Ms. Passafume; 3) the objection to interim accounting filed by Ms. Passafume; and 4) the petition to be sent into possession of legacy and/or to remove the succession representative filed by Ms. Passafume. On January 24, 2024, the district court rendered judgment as follows:

> IT IS ORDERED, ADJUDGED, AND DECREED that the Petition for Possession of Premises is denied.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Motion to Compel Filing of Annual Accounting, Detailed Descriptive List, and Tableau of Distribution is moot.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Objection to Interim Accounting is continued without date and may be addressed by the Court if and when the executor files an amended interim accounting, amended sworn detailed descriptive list, and tableau of distribution.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Petition to Remove the Succession Representative is denied.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Petition to be Sent into Possession of Legacy is granted placing the legatees, Wendy Passafume and James Carter Jacobs, in possession of their legacies as follows.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wendy Passafume and James Carter Jacobs be and they are hereby placed into the possession and ownership of an undivided one-

3

half interest each in and to the following described immovable property. . .

Thereafter, Mr. Passafume moved for a devolutive appeal. This appeal follows.

## DISCUSSION

In his sole assignment of error, Mr. Passafume asserts that the district court erred as a matter of law under La. C.C.P. arts. 3031 and 3372 by issuing a judgment sending Ms. Passafume and Mr. Jacobs into possession of the 4015 Palmyra Street property before homologation of the final tableau of distribution and without the consent or acceptance of the succession by the other legatees.

Generally, appellate court's review of factual determinations is the manifest error-clearly wrong standard. *Succession of Fanz*, 2019-0503, p. 5 (La. App. 4 Cir. 1/29/20), 364 So.3d 119, 123 (quoting *White v. Cox Operating, LLC*, 2016-0901, p. 4 (La. App. 4 Cir. 4/5/17), 229 So.3d 534, 538). "The manifest error standard of review also applies to 'mixed questions of law and fact.' " *Succession of Fanz*, 2019-0503, p. 5, 364 So.3d at 124 (quoting *White*, 2016-0901, p. 5, 229 So.3d at 538).

"[R]eview of a district court's judgment homologating the tableau of distribution – or refusing to grant an order doing so – is subject to the manifest error standard, and the judgment 'must be affirmed if the record as a whole reveals that there is a reasonable factual basis for the decision.'" *Succession of Randazzo*, 2023-0715, p. 5 (La. App. 4 Cir. 9/6/24), __So.3d.___, ___, 2024 WL 4100086, *3 (quoting *Succession of Mouton*, 2020-0007, p. 5 (La. App. 3 Cir. 6/17/20), 300 So.3d 430, 434. However, "[w]here legal error interdicts the fact-finding process, the manifest error standard no longer applies, and, if the record is otherwise

4

complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence." *Succession of Randazzo*, 2023-0715, p. 6, ___So.3d at___, 2024 WL 4100086, *3 (citing *Evans v. Lungrin*, 97-541, 97-577, p. 7 (La. 2/6/98), 708 So.2d 731, 735). A legal error occurs when the district court applies incorrect principles of law and such error is prejudicial. *Id.*

Mr. Passafume argues that the district court's judgment granting partial legacies to Mr. Passafume and Mr. Jacobs violated La. C.C.P. art. 3372. Mr. Passafume contends that the article prohibits a court from sending a legatee into possession of all or part of their legacies before homologation of the final tableau of distribution and without an administration unless the requisites outlined in La. C.C.P. art. 3031 has occurred.

Louisiana Civil Code of Procedure article 3372 provides:

At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession as provided in Articles 3031 through 3035, except that the proceeding shall be contradictory with the executor. Upon the filing of such a petition, the court shall order the executor to show cause why the legatees should not be sent into possession. If the legatees are sent into possession of a part of their respective legacies, the executor shall continue to administer the remainder.

Louisiana Civil Code of Procedure article 3031(A) provides:

When a testament has been probated or given the effect of probate, and subject to the provisions of Article 3033, the court may send all of the legatees into possession of their respective legacies without an administration of the succession, on the ex parte petition of all of the general and universal legatees, if each of them is either competent or is acting through a qualified legal representative, and each of them accepts the succession, and none of the creditors of the succession has demanded its administration.

5

In the *Succession of Fanz*, this Court was tasked with determining whether the trial court erred in placing successors in possession of assets. In that matter, the widow of the deceased was the trustee of the succession. *Succession of Fanz*, 2019-0503, p. 3, 364 So.3d at 123. The widow and one of the decedent's children filed a petition requesting that the trust be placed into possession of the business. Two of the decedent's children opposed the petitioners' request, arguing that the detailed descriptive list was incomplete and the judgment of possession was premature. *Id.*, 2019-0503, pp. 10-11, 364 So.3d at 126. This Court explained that

> Louisiana statutory law establishes that the trial court has the authority to place legatees in possession of succession property upon the filing of petition for possession; after a contradictory hearing; and a judgment of possession is signed. The record reveal[ed] [petitioners'] filed a petition for partial possession, and a contradictory was held in which the trial court had the opportunity to review [the] petition, hear testimony, and review the evidence submitted by the parties. The trial court rendered its judgment to place the legatees in possession of [business] and its assets.

*Id.*, 2019-0503, p. 12, 364 So.3d at 127. The Court further provided that the filing of a detailed descriptive list was not a legal or procedural requirement to place a successor in possession of succession property. *Id.*

In *Matter of Succession of Naquin*, the First Circuit addressed a similar matter where the trial court placed two legatees in possession of their legacies. 2018-0518, p. 2 (La. App. 1 Cir. 11/5/18), 266 So.3d 912, 913. The decedent died testate and named his son and daughter as legatees. Subsequent to the probate of the will, the decedent's daughter filed a petition for possession of the estate. *Id.* The decedent's son opposed, arguing that he did not consent to the filing of the petition. *Id.*, 2018-0518, p. 2, 266 So.3d at 914. After a hearing on the petition for possession, the trial court signed a judgment of possession placing both legatees into possession of the estate. *Id.*, 2018-0518, p. 3, 266 So.3d at 914.

6

The First Circuit reversed the trial court's judgment, noting that only one legatee petitioned the court on behalf of both legatees to be placed into possession of the estate. *Id.*, 2018-0518, p. 5, 266 So.3d at 915. The court further explained "placing all of the legatees into possession, when all legatees have not joined in the petition for possession, does not follow the procedure set forth in La. C.C.P. art. 3372." *Id.*, 2018-0518, p. 5, 266 So.3d at 915-16.

In *Succession of Crow*, the Second Circuit analyzed *Succession of Fanz* and *Matter of Succession of Naquin*. In that matter, the appellant argued that the trial court erred in granting co-legatee's petition for partial possession. *Succession of Crow*, 55,608, p. 6 (La. App. 2 Cir. 5/22/24), 386 So.3d 1275, 1279, *reh'g denied* (July 11, 2024). The appellant argued that all legatees were required to join in the petition for possession. The court explained

> Unlike the district court in *Naquin*, which placed both legatees in possession of their respective legacies after one legatee petitioned the court on behalf of both legatees, the district court in this case only placed [petitioner] in partial possession of the usufruct (although [petitioner] also requested that [appellant]be placed in possession of his naked ownership). In its reasons for judgment, the district court addressed this issue, finding that [appellant] should not be compelled to take possession of his legacy when he did not join in the petition for possession. Furthermore, the district court followed the Fourth Circuit's approach in *Fanz* by placing [petitioner] in partial possession of her usufruct even though, as in *Fanz,* other legatees opposed the petition for possession.

*Succession of Crow*, 55-608, p. 10, 386 So.3d at 1281.

In the instant matter, Ms. Passafume petitioned the district court to be sent into possession of her undivided one-half interest of the property that was bequeathed to her. Similar to the *Succession of Fanz*, the district court held a contradictory hearing on the petition for possession. However, as in *Matter of Succession of Naquin*, the district court placed Mr. Jacobs, the co-legatee into

7

possession of his legacy although he did not file a petition to be sent into possession of the property. We note that unlike the co-legatee in *Matter of Succession of Naquin*, Mr. Jacobs did not oppose Ms. Passafume's petition.

Our review of the December 18, 2023 hearing transcript provides that there are allegations of Mr. Jacobs misappropriating funds during the administration of the succession. In light of the allegation that he may owe the succession money and Mr. Jacobs failing to file a petition for possession, we find that the district court erred in placing Mr. Jacobs in possession of his portion of the property. However, we find that district court was correct in granting a judgment of possession in favor of Ms. Passafume. "[I]f a single legatee is not allowed to petition the court for partial possession then that legatee may be prevented from ever receiving his or her respective legacy." *Succession of Crow*, 55,608, p. 11, 386 So.3d at 1281.

## CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the January 24, 2024 judgment. We affirm the district court's grant of Ms. Passafume's petition to be sent into possession of legacy. However, we reverse the district court placing Mr. Jacobs into possession of his legacy.

**AFFIRMED IN PART; REVERSED IN PART**

8