ROLAND L. BELSOME, Judge.
|-i This appeal arises put of a fee dispute between an attorney, his former law associates, and his former client. For the reasons discussed we find that the trial court correctly granted an exception of lack of subject matter jurisdiction, and therefore we affirm.
This matter has a lengthy procedural background, much of which has no bearing on the issue before this Court. For that reason, we will only highlight the pertinent procedural history.
*1014 The Law Office of Paul C. Minielier, PLC, (the Minielier Law Office) employed two associate attorneys, Tiffany Christian and David Binegar. In March 2008, Ms. Christian and Mr. Binegar resigned. At that time, Carolyn Hall-Williams was a client of the Minielier Law Office with a lawsuit pending in the United States District Court for the Eastern District of Louisiana. Shortly after the resignation of Ms. Christian and Mr. Binegar, Ms. Hall-Williams terminated her relationship with the Minielier Law Office and retained Ms. Christian and Mr. Binegar as her attorneys. Thereafter, Ms. Hall-Williams’ lawsuit was settled.
| j,The Minielier Law Office filed an intervention in the lawsuit asserting-claims for fees and costs associated with his representation of Ms. Hall-Williams. The intervention resulted in a magistrate judge awarding the Minielier Law Office a sum for costs, but nothing in attorney’s fees. That ruling was modified by the district judge to include a sum for fees. The Minielier Law Office appealed the district court’s ruling to the U.S. Court of Appeals Fifth Circuit. The Fifth Circuit remanded the matter to the district court to be stayed pending arbitration.
The district court issued an order, referring the matter to arbitration and staying the proceedings pending arbitration, in accordance with the Fifth Circuit’s opinion. Subsequent to that order, the Minielier Law Office filed a Motion to Compel Arbitration and for Contempt, with the district court. Pursuant to that motion the district court issued an order granting the motion and compelling Ms. Hall-Williams to arbitration.[1]
Following the federal court order, a petition to arbitrate legal fees was filed with the Louisiana State Bar Association (LSBA) in accordance with the provisions of the original fee contract between the Minielier Law Office and Ms. Hall-Williams. For various reasons, the LSBA dismissed and reinstated the arbitration on two separate occasions. Then, the LSBA dismissed the arbitration for a third and final time. That final dismissal, lead to the Minielier Law Office filing a lawsuit against the LSBA in Civil District Court for the Parish of Orleans (CDC).
|aIn response to the CDC lawsuit, the LSBA filed an Exception of No Cause of Action and No Right of Action, as well as, an Exception of Lack of Subject Matter Jurisdiction. At the hearing on the exceptions, the trial court reasoned that the subject matter of the arbitration arose from the intervention filed in federal court, and the district judge ordered the arbitration and stayed the federal case pending the arbitration. Thus, the trial court found that it' did not have subject matter jurisdiction over the CDC lawsuit and granted the LSBA’s Exception of Lack of Subject Matter Jurisdiction. The Minielier Law Office appealed.

Appellate Court Jurisdiction

On appeal, this Court will first address the fact that the appellant’s Motion and Order for Appeal appears to reference a judgment that is not in the record. The Order for Appeal, signed on August 12, 2014, references a July 25, 2014 judgment. The judgment in the record is rendered on October 14, 2014, from a hearing held on July 28, 2014. By order of this Court, the appellant filed a motion to address the inconsistencies in the appeal record.
In the appellant’s Motion to Amend Appeal, he maintains that the intent was to use the hearing date of July 28, 2014, as the judgment date, since the ruling was *1015 made in open court and a judgment was drafted and delivered to the court on that date. Thus, he requests that this Court allow him to amend the record to reflect the proper hearing date of July 28, 2014. The appellant acknowledged that he did not know if a judgment had been signed at the time that he submitted the appeal order to the court.
|4In addressing the jurisdictional issue as it relates to an order of appeal being signed prior to a judgment being rendered, the appellant maintains that Overmier v. Traylor, is on point and dictates that the appeal be deemed proper. We agree. Even though the appeal order was initially premature because it was filed and signed after the trial court rendered oral judgment, but before the judgment was reduced to writing and signed, once the judgment was signed the defect was cured. See Overmier v. Traylor, 475 So.2d 1094 (La.1985).

Exception of Lack of Subject Matter Jurisdiction

The trial court granted the LSBA’s dec-linatory exception for lack of subject matter jurisdiction pursuant to La. C.C.P. Art. 925(6). “While ‘the trial court’s’ factual findings on appellate review are subject to manifest error, jurisdiction itself is a question of law subject to de novo review.’” Cannizzaro ex rel. State v. American Bankers Ins. Co., 12-1455 (La.App. 4 Cir. 7/10/13), 120 So.3d 853 (quoting Winston v. Millaud, 05-0338 (La.App. 4 Cir. 4/12/06), 930 So.2d 144).
Louisiana statutes dictate the procedures regarding arbitrations. Just as was done in this case, the statutory scheme authorizing resolution of disputes by arbitration provides for the stay of judicial proceedings when an issue is referred to arbitration. La. R.S. 9:4202. The stay will be effective “until arbitration has been had in accordance with the terms of the agreement.... ” Id. However, during the course of the arbitration proceeding, the trial court has jurisdiction to appoint an arbitrator, compel witness attendance, and compel discovery. La. R.S. 9:4204, 4206, 4207. Once arbitration is completed, the trial court has jurisdiction to confirm, modify or vacate the award. La. R.S. 9:4209, 4210 and 4211. In all other respects, once arbitration has commenced the courts have recognized that asserting |.¿jurisdiction is precluded. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4 Cir.1980).
Here, the appellant filed a separate lawsuit in CDC seeking to compel the LSBA to reinstate the arbitration pursuant to the federal court’s order. Subsequent to the filing of the CDC lawsuit, the LSBA agreed to reinstate the arbitration but the parties could not come to terms on the . scope of the proceedings and the potential impact of the Louisiana Supreme Court’s opinion in Hodges v. Reasonover, 12-0043 (La.7/2/12), 103 So.3d 1069 (requiring adequate disclosure by attorney for arbitration clause in fee contract to be enforceable).
Considering this case’s past procedural history and the claims asserted in the arbitration, any procedural challenge the appellant seeks to raise regarding the arbitration, including but not limited to the scope of the issues to be arbitrated, must be determined by the court that ordered the arbitration.[2]
For the reasons discussed, the motion to amend the appeal record is granted and the trial court’s granting of the exception *1016 of lack of subject matter jurisdiction is affirmed.
AFFIRMED.

. Initially, the Minielier Law Office only sought arbitration against its former client, even though the legal fees had been disbursed to Mr. Binegar and Ms. Christian.

. We find this holding to be consistent with the rules promulgated by the Federal Arbitration Act.