| RACHEL KIMBALL AND TANYA SILVERNAGEL | * | NO. 2021-CA-0101 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| LAURA KAMENITZ, ELIOT KAMENITZ, NOLA CAT, LLC, A/K/A NOLA CAT PROPERTIES, LLC, SPANISH STABLES CONDO ASSOCIATION, SUNSHINE HOME INSPECTION, LLC, AND ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-00723, DIVISION "J-15"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Vincent James Booth
BOOTH & BOOTH, A PLC
138 North Cortez Street
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/APPELLEE

Everett R. Fineran
Jessica A. Roberts
FRILOT, LLC
1100 Poydras Street
Suite 3700
New Orleans, LA 70163

     COUNSEL FOR DEFENDANT/APPELLANT

**JUDGMENT VACATED; REMANDED**
**October 26, 2021**

*DNA*

*JFM*

*TGC*

This is a property damage dispute between condominium owners, Appellants, Laura Kamenitz and Eliot Kamenitz (the "Kamenitzes") and a condominium association, Appellee, Spanish Stables Condominium Association ("SSCA"). The Kamenitzes appeal the trial court's March 12, 2019 judgment granting the exception of *res judicata* filed by SSCA, which dismissed their cross-claim against SSCA with prejudice, and the March 17, 2021 judgment denying the motion for new trial filed by the Kamenitzes. For the following reasons, we vacate the trial court's judgment granting the exception of *res judicata* and remand this matter to the trial court for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY:**

This matter arises out of water damage and mold growth on the interior brick wall of a condominium owned by the Kamenitzes and located at 724 Governor Nicholls Street in the Spanish Stable Condominiums.

In July of 2016, the Kamenitzes entered into an agreement to lease their condominium to Plaintiff, Rachel Kimball ("Kimball"). Plaintiff, Tanya Silvernagel, occupied the condominium for two months while Kimball was

1

traveling. In August 2016, Kimball notified the Kamenitzes that there was water and mold growing on the brick interior wall of the condominium.

The Kamenitzes allege they attempted to remedy the water intrusion and mold growth and determined that water was coming through an exterior brick wall, which SSCA has the responsibility to maintain.

Article VI, Section 2 of the Act of Declaration Creating and Establishing the Condominium Regime ("Condo Declaration") for the Spanish Stables Condominiums requires the SSCA to maintain and repair the exterior wall as a "common element"[1] of the condominiums and provides:

> Common Element Repair and Maintenance. The Association shall furnish maintenance, repairs, and replacements of the Common Elements, the cost of which shall be paid by the Association as a[n] Expense, subject to the rules and regulations of the Association.

The Kamenitzes claim that they notified SSCA of the water intrusion and demanded repairs but SSCA failed to act and they incurred the costs for repair.

Kimball vacated the condominium in February of 2017.

In September 2017, the Kamenitzes initiated an arbitration proceeding pursuant to the arbitration provision set forth in Article XIII, Section 7 of Condo Declaration, alleging SSCA failed to maintain and repair common elements of the condominium in breach of its contractual and legal obligations.

Article XIII, Section 7 of the Condo Declaration provides:

---

[1] Article 1 defines "common element" as:

> Common Elements. All that portion of the Condominium Property, whether movable or immovable, that is not contained within the boundaries of any of the individual Units, including, without limitation, the following:
>
> * * *
>
> (b) All foundations and structural components of any improvements constituting a portion of the Condominium Property (including, without limitation, exterior walls, walls dividing the two Units, columns, beams, brackets, bridging, structural steel plates and connectors, and roofs), gutters and downspouts[.]

In the event of a dispute between the Association and any Unit Owner, the Unit Owner, the Unit Owner and the Association shall submit the matter to binding arbitration with the American Arbitration Association. The Unit Owner and the Association shall be bound by the final decision in any arbitration, subject to any legal rights available to any Unit Owner or the Association under the laws of the State of Louisiana. Alternatively, the Unit Owner or the Association may submit any dispute to a mediator in the Greater New Orleans area, but the Unit Owner and the Association must consent to the mediation and that any mediation would be binding upon the Unit Owner and the Association.

During the pendency of the arbitration proceedings, on January 24, 2018, Plaintiffs filed suit against the Kamenitzes, SSCA, and others, claiming among other things that the water intrusion and mold from the wall caused damages to their personal property and themselves.

On April 19, 2018, the Kamenitzes and SSCA executed a Receipt, Release, and Indemnity Agreement (sometimes referred to herein as "Settlement Agreement"), which concluded the arbitration proceeding and provided in pertinent part:

V. Release

CLAIMANTS, for themselves and all of the other RELEASORS, do hereby forfeit and abandon and, further, do hereby release, remise and forever discharge RELEASEES of and from any and all liability, losses, claims, rights, liens, remedies, debts, obligations, damages, injuries or causes of action of whatever nature or kind, but only to the extent asserted in the PROCEEDING. The foregoing includes, without limitation, the release, discharge and abandonment of any and all of the following claims arising directly or indirectly out of the ASSOCIATION AGREEMENT:

a) For past and future costs, expenses, interest, expert fees and attorneys' fees related to the PROCEEDING;

b) For any past or future expenses associated with the inspections, testing, repair and/or replacement of any part of the CLAIMANTS' condominium unit as asserted in the PROCEEDING:

c) For past and future costs associated with the inspections, testing, repair, replacement and/or installation of any part of the property,

3

including Common Elements, as that term is defined in the Act of Declaration of THE SPANISH STABLES CONDOMINIUMS ASSOCIATION, INC., including, but not limited to the exterior wall on the west side of The Spanish Stables Condominiums as asserted in the PROCEEDING and/or for any past or future cost or expense associated with the testing, repair, and/or replacement of any part of the property to which CLAIMANTS had work performed and sought recovery for the expenses incurred with respect to that work performed in this PROCEEDING;

d) Property damages, including damages to all movable and immovable property a part of or including CLAIMANTS' condominium in The Spanish Stables Condominiums as asserted in the PROCEEDING.

The demand for arbitration was thereafter dismissed.

According to the Kamenitzes, after the arbitration was settled, the condominium wall continued to experience water intrusion. As a result, on August 24, 2018, the Kamenitzes filed a cross-claim against SSCA, seeking damages for breach of contract and a declaratory judgment. The cross-claim alleged, among other things, that under the Condo Declaration and La. R.S. 9:1121.104, *et seq.*, the Kamenitzes are entitled to maintenance and repair of the exterior wall of the condominium, a common element of the condo, due to the "continuing moisture intrusion from the exterior wall." It claimed that SSCA's failure to maintain the exterior wall and resulting damages allows the Kamenitzes to proceed against SSCA for all remedies permitted by law and recover payment for repairs, court costs, and attorneys' fees. The petition for declaratory judgment, among other things, sought judgment concerning whether the Kamenitzes owe SSCA a defense and indemnity.

On November 29, 2018, SSCA filed an exception of no cause of action as to the cross-claims or alternatively a motion to stay pending arbitration. SSCA argued that the issues raised in the cross-claim are related to the ownership of the

4

condominium and were thus governed by the arbitration provision in the Condo Declaration.

In response, on December 14, 2018, the Kamenitzes again initiated arbitration. The second arbitration demand again alleged SSCA failed to maintain and repair common elements of the condominium. The demand also claimed that SSCA was responsible for expenses incurred by the Kamenitzes in repairs, for the diminution in value of their property caused by SSCA's continuing gross negligence, and for defense and indemnity in connection with the pending legal proceedings.

On February 6, 2019, SSCA filed an exception of *res judicata*. In the exception, SSCA argued that it had engaged in arbitration with the Kamenitzes wherein they asserted the identical claims as those raised in the cross-claim and that all parties had entered into a settlement on April 19, 2018 regarding those claims and therefore the cross-claim is barred by *res judicata*. In support of the exception, SSCA submitted the April 2018 Settlement Agreement and the joint motion to dismiss the arbitration with prejudice and order executed by the arbitrator on May 1, 2018.[2]

The exception of no cause of action or alternative motion to stay and the exception of *res judicata* came for hearing before the trial court on February 22, 2019. The record provides that counsel for the Kamenitzes was absent and did not

---

[2] The order provided:

> IT IS ORDERED, ADJUDGED AND DECREED that all claims of Laura Kamenitz and Eliot Kamenitz, Claimants herein, asserted in the Demand for Arbitration against Respondent, The Spanish Stables Condominiums Association, Inc., be dismissed, with prejudice, with each party to bear its own costs. The parties further specifically reserve any matters which may arise out of the enforcement of the terms and conditions of the settlement agreement between the parties.

5

file an opposition to the exceptions. Additionally, the transcript shows that the trial court asked if SSCA had a certified copy of the order. Counsel for SSCA noted the order attached to its exception was not certified but that she would obtain a certified copy and provide it to the trial court. The trial court granted the exception of *res judicata* from the bench. The remaining exception of no cause of action or alternative motion to stay was deemed moot.[3]

A judgment granting the exception was signed on March 12, 2012, noting that the cross-claims asserted by the Kamenitzes were dismissed with prejudice.[4] According to SSCA, it provided a copy of the certified arbitration order to the trial court prior to the trial court rendering its written judgment.

On March 21, 2019, the Kamenitzes filed a motion for new trial, arguing the trial court was divested of jurisdiction to rule on the exception when SSCA had objected to the trial court's jurisdiction and demanded arbitration in previous pleadings; that SSCA failed to meet its burden of proof on the exception of *res judicata*; and that claims for ongoing water intrusion in the cross-claims are not barred by *res judicata*. The motion also alternatively sought leave to amend their cross-claim.

---

[3] The transcript provides, in part:

> Ms. Booth [Counsel for SSCA]: And would you like me to put in the judgment that the other matters are moot due to the fact that you granted the exception of res judicata?
>
> The Court: You can just so we have a record if it.

[4] The judgment also noted that the exception of no cause of action was rendered moot.

SSCA filed an opposition to the motion for new trial on July 25, 2019. The trial court denied the motion for new trial on December 18, 2020[5] and executed a judgment to that effect on March 17, 2021.[6]

On December 21, 2021, the Kamenitzes filed a motion for devolutive appeal from the judgment on the exception of *res judicata* and the ruling on the motion for new trial. This appeal follows.

On June 9, 2021, SSCA filed a motion to dismiss appeal for lack of subject matter jurisdiction, alleging the March 12, 2019 judgment granting the exception of *res judicata* was not final and thus not appealable and that the motion for new trial was not the appropriate procedural vehicle to seek review of the interlocutory judgment on the exception. The Kamenitzes filed an opposition to the motion to dismiss on June 21, 2021 and SSCA filed a reply on June 24, 2021. This Court denied the motion to dismiss on June 30, 2021.

**ASSIGNMENTS OF ERROR:**

The Kamenitzes set forth nine assignments of error. However, when consolidated by issue they can be organized as follows: (1) the trial court erred in concluding it had jurisdiction over the action and proceeding on the exception of *res judicata* where the arbitration was allegedly demanded by SSCA in its

---

[5] The record provides that the motion for new trial was initially heard on August 9, 2019, wherein the trial court heard the arguments from counsel. The matter was reset for December 18, 2020, at which time the trial court denied the motion for new trial.

[6] The record indicates that before the trial court ruled on the motion for new trial, the Kamentizes filed a petition for writ of mandamus with this Court on September 11, 2020 requesting that this Court order that the trial court issue a ruling on the motion for new trial as well as their motion to disqualify SSCA counsel and motion to compel deposition of SSCA counsel. On October 20, 2020, this Court ordered the trial court to file a *per curiam* regarding the procedural status of that case. The *per curiam* issued by the trial court outlined some procedural background and noted that the matters were not yet placed on the docket because the Kamenitzes had filed a motion to recuse the trial judge. On November 4, 2020, this Court denied the Kamenitzes writ of mandamus. *See In re Kimball v. Kamenitz*, 2020-0456, *unpub.*, (La. App. 4 Cir. 11/4/20). A motion for rehearing was also denied on November 13, 2020.

exception of no cause of action or alternative motion to stay and initiated by the Kamenitzes; (2) the trial court erred in granting SSCA's exception of *res judicata* because SSCA failed to offer any evidence to support it; because the Kamenitzes' cross-claims against SSCA are for ongoing water intrusion and the Settlement Agreement applies only to claims that were asserted in arbitration; because SSCA's action constitutes a continuing tort and could not have been released in the Settlement Agreement; and because their cross-claim seeks a declaratory judgment on SSCA's claim for indemnification against the Kamenitzes, which could not have been settled; (3) the trial court erred in failing to grant the Kamentizes leave to amend their cross-claim to assert with more particularity claims that arose after the settlement when it granted the exception of *res judicata*; and (4) the trial court erred in denying the Kamentizes' motion for new trial when there was evidence that SSCA and the Kamentizes had initiated arbitration prior to the hearing on the exception of *res judicata.*

We find that the trial court lacked jurisdiction to rule on the exception of *res judicata* and vacate the judgment. Further, even if the trial court had authority to consider the exception of *res judicata*, we find the case would nonetheless require remand because no evidence was introduced at the hearing on the exception of *res judicata*. This opinion will first address jurisdiction and then address the lack of evidence submitted on the exception of *res judicata*. We pretermit discussion on the remaining issues.

**DISCUSSION AND ANALYSIS**

Appellate Jurisdiction

Although SSCA's motion to dismiss for lack of jurisdiction was denied, this opinion will discuss the jurisdiction of this Court because SSCA again raises the

issue in its brief and appellate courts have the duty to determine *sua sponte* whether our appellate court jurisdiction has been properly invoked by a valid final judgment. *Commodore v. City of New Orleans*, 2019-0127, p. 5 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 463.

A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841.

La. C.C.P. art. 1915 provides for partial final judgments and partial judgments and states, in relevant part:

> A. **A final judgment may be rendered and signed by the court, even though it** may not grant the successful party or parties all of the relief prayed for, or **may not adjudicate all of the issues in the case, when the court**:
>
> (1) **Dismisses the suit as to less than all of the parties**, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> * * *
>
> (4) **Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038**.
>
> * * *
>
> B. (1) **When a court renders a partial judgment** or partial summary judgment or sustains an exception in part, **as to one or more but less than all of the claims, demands, issues, or theories against a party,** whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, **the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court** after an express determination that there is no just reason for delay.
>
> (2) **In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal** and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added].

La. C.C.P. art. 1038 states:

> **The court may order the separate trial of the principal and incidental actions**, either **on exceptions** or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.

9

**When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon**. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other. [Emphasis added].

SSCA claims that the judgment on the exception did not dismiss all of the claims pending against it and that because the Kamenitzes did not seek to have the judgment certified as final pursuant to La. C.C.P. art. 1915(B)(1), the judgment is interlocutory. SSCA also argues the motion for new trial filed is not the proper procedural tool to seek review of interlocutory judgment. *See Llopis v. State*, 2016-0041, p. 4 (La. App. 4 Cir. 12/14/16), 206 So.3d 1066, 1069 (a motion for new trial can only be taken from a final judgment).

The Kamenitzes contend, however, that no designation was necessary because the judgment dismissed their entire cross-claim against SSCA as contemplated by La. C.C.P. art 1915(A)(1) and because the judgment relates to an incidental demand tried separately from the main demand pursuant to La. C.C.P. art. 1915(A)(4). They further note that La. C.C.P art. 1911(B) states that an "appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated."

The judgment at issue granted the exception of *res judicata* and stated that the "Cross-Claim filed by Laura and Eliot Kamenitz be and is hereby dismissed with prejudice." While the judgment completely dismisses the cross-claim filed by the Kamenitzes against SSCA, the record indicates that both the Kamenitzes and SSCA are still defendants in the main demand and thus La. C.C.P. art. 1915(A)(1) does not apply.

10

La. C.C.P. art. 1915(A)(4), however, is applicable. The trial court set and heard the exception for *res judicata* as to the Kamenitzes' cross-claims. The record shows that the trial court did not consider evidence or argument relating to Plaintiffs' main demand at the hearing.[7] Further, the trial court signed a separate judgment granting the exception. As such, there was no requirement for the judgment to be designated as final under La. C.C.P. art. 1915(B)(1). Moreover, because the judgment was a final judgment under La. C.C.P. art. 1915 (A)(4), it was appropriate for the Kamenitzes to file a motion for new trial. Accordingly, this Court has appellate jurisdiction over the judgment at issue.

Jurisdiction of the Trial Court

The Kamenitzes claim that the trial court lacked jurisdiction to hear the exception of *res judicata* because SSCA had demanded arbitration when they filed their exception of no cause of action or alternative motion to stay pending arbitration and the Kamenitzes had initiated the second arbitration proceeding on December 14, 2018.[8]

---

[7] The transcript reflects that Plaintiffs' counsel was present but not a party to the exception and merely appeared for the hearing "to be a fly on the wall."

[8] Related, the Kamenitzes argue in their brief that the exception of *res judicata* and the issue of whether not they waived the right to arbitrate is a question for the arbitrator, not the trial court. The argument relating to the exception was raised in the Kamenitzes' motion for new trial. However, the Kamenitzes never specifically argued that waiver was a decision for the arbitrator before the trial court. It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed. *Chaumont v. City of New Orleans*, 2020-0017, p. 4 (La. App. 4 Cir. 6/3/20), 302 So.3d 39, 45–46 (*citing Council of City of New Orleans v. Washington,* 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856.). Further, Uniform Rules, Courts of Appeal, Rule 1-3 provides, in pertinent part, "Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Thus, by failing to plead this specific waiver argument at the trial court level, the Kamenitzes technically are precluded on raising this issue on appeal. Nevertheless, this opinion addresses waiver in its analysis as jurisprudence indicates both waiver and *res judicata* are questions of procedural arbitrability for the arbitrator to decide.

SSCA claims that the trial court was not divested of jurisdiction because its demand for arbitration was requested as an alternative to the exception of no cause of action and thus was not explicitly an application to stay as set forth in La. R.S. 9:4202. SSCA also notes that the Kamenitzes invoked the jurisdiction of the trial court by taking numerous actions in the trial court including, filing the cross-claim, propounding discovery, filing a motion to disqualify counsel, filing a motion to compel, and filing a writ of mandamus in this Court, and filing a motion to recuse the trial judge.

In *Potier v. Morris Bart, L.L.C.*, 2016-0879, pp. 7-9 (La. App. 4 Cir. 3/15/17), 214 So.3d 116, 121–22, this Court recently recognized:

> Arbitration is favored under both the Louisiana and the United States jurisprudence. *Regions Bank* [*v. Weber*] [20]10–1169, p. 3 [(La. App. 4 Cir. 12/15/10)], 53 So.3d [1284] at 1286. In *Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana*, Inc., [20] 03-1662, p. 8 (La. App. 4 Cir. 3/17/04), 871 So.2d 380, 387, we stated:

> Louisiana courts have recognized a strong presumption in favor of arbitration. *Moore v. Automotive Protection Corp.*, 97-0623, p. 2 (La. App. 4 Cir. 5/21/97), 695 So.2d 550, 551 ... Both the federal and state jurisprudence hold that any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration.

*See also Alford v. CB Constr. & Dev., LLC*, 2017-1036, pp. 5-6, 2018 WL 2716394 at *3, --- So.3d ---- (La. App. 4 Cir. 6/6/18), *writ denied,* 2018-1133 (La. 10/15/18), 253 So.3d 1301.

La. R.S. 9:4201 provides that a provision in a contract for mandatory arbitration is generally irrevocable. It states:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

12

La. R.S 9:4202 requires a stay of legal proceedings where a valid arbitration agreement exits and a matter is found to be referable to arbitration. The statute provides:

> If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.

Thus, under La. R.S. 9:4202, upon a filing of a motion to stay a trial court can ascertain only (1) that there is a written arbitration agreement, and (2) the issue is referable to arbitration under that arbitration agreement, as long as the applicant is not in default in proceeding with arbitration. *Int'l River Center v. Johns-Manville Sales Corp.*, 2002–3060, p. 3 (La. 12/3/03), 861 So.2d 139, 141; *see also Saavedra v. Dealmaker Devs., LLC*, 2008-1239, p. 7 (La. App. 4 Cir. 3/18/09), 8 So.3d 758, 763 (stating that the "threshold inquiry a court must decide is whether the parties agreed to arbitrate their dispute, which is a two-fold inquiry: (1) whether there is a valid arbitration agreement, and (2) whether the dispute in question falls within the scope of that agreement"). Once the trial court determines these two elements, the trial court shall stay the action until arbitration is had. *Id.* p. 4, 861 So.2d at 141.

The stay will be effective "until arbitration has been had in accordance with the terms of the agreement." *L. Off. of Paul C. Miniclier, PLC v. La. State Bar Ass'n,* 2014-1162, p. 4 (La. App. 4 Cir. 5/27/15), 171 So.3d 1013, 1015 (citing La. R.S. 9:4202). However, during the course of the arbitration proceeding, the trial court has jurisdiction to appoint an arbitrator, compel witness attendance, and

compel discovery. *Id.* (citing La. R.S. 9:4204, La. R.S. 9:4206, La. R.S. 9:4207). Once arbitration is completed, the trial court has jurisdiction to confirm, modify or vacate the award. *Id.* (citing La. R.S. 9:4209, La. R.S 9:4210 and La. R.S 9:4211. "In all other respects, once arbitration has commenced the courts have recognized that asserting jurisdiction is precluded." *Id.* at pp. 4-5, 171 So.3d at 1015 (citing *Spencer v. Hoffman*, 392 So.2d 190, 191 (La. App. 4 Cir. 1980).

Here, the trial court initially had subject matter jurisdiction over the action upon filing of the lawsuit and cross-claim. Further, upon the filing of the exception of no cause of action or alternative motion to stay, the trial court had the authority under La. R.S. 9:4202 only to determine whether there was an agreement to arbitrate and whether the issue was referable to aribitration. It is undisputed that the Condo Declaration contains an arbitration provision, which provides that in "the event of a dispute" between SSCA and the Kamenitzes the parties "shall submit the matter to binding arbitration with the American Arbitration Association." Moreover, the arbitration provision is a broad one and it appears that the cross-claims against SSCA stemming from the moisture intrusion of the common wall would qualify as a dispute between the parties. However, the trial court declined to reach these issues when it ruled on the exception of *res judicata* and mooted the exception of no cause of action or motion to stay. In considering the exception of *res judicata*, the trial court exceeded its authority because issues of "procedural arbitrability" are reserved for the arbitrator.[9]

---

[9] As noted earlier, the Kamenitzes argue that *res judicata* is an issue for the arbitrator. They relied upon *Tortorich v. Musso,* No. CIV.A. 07-3912, 2007 WL 3244396, at *2 (E.D. La. Nov. 1, 2007, to support this position, which stated, in part:

> A preclusion defense in an arbitration, *e.g.*, claim preclusion or *res judicata*, is part of the merits of an arbitration dispute and an issue to be decided by the arbitrators. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th

14

In determining whether an issue is for an arbitrator or a court to decide, state and federal courts employ a "substantive/procedural analysis." *Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.,* 2003-1662, p. 13, 14 (La. App. 4 Cir. 3/17/04), 871 So.2d 380, 390. Questions regarding the scope of an arbitration provision traditionally have been construed as presenting questions of substantive arbitrability for the court to decide. *Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.,* 2003-1662, p. 12 (La. App. 4 Cir. 3/17/04), 871 So.2d 380, 389 (citing Larry E. Edmondson, *Domke on Commercial Arbitration* § 8:12). In *Lakeland*, for example, this Court found a question regarding the retroactive application of the contract was a question of substantive arbitrability that went to the scope of arbitration and was thus a decision for the court, not an arbitrator. However, procedural arbitrability issues should be reserved to arbitrators rather than the courts. *Id*. at p. 13, 871 So.2d at 390 (citing *Int'l River Ctr. v. Johns-Manville Sales Corp.*, 2002–3060, p. 7 (La.12/03/03), 861 So.2d 139, 143; *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83–85, 123 S.Ct. 588, 593, 154 L.Ed.2d 491 (2002)). For instance, the Louisiana Supreme Court in *Int'l River Ctr.*, 2002-3060, p. 8, 861 So.2d at 144, specifically found that the issue of waiver of a contractual arbitration agreement was to be decided by arbitrators, not by the court.[10] In classifying the

Cir. 2000) ("[A] *res judicata* objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court."); *Int'l Ass'n of Machinists & Aerospace Workers v. Tex. Steel Co.*, 639 F.2d 279, 283 (5th Cir. Unit A Mar. 1981).

*Id*. However, the issue in *Tortorich* was not whether the trial court had authority to rule on an exception of *res judicata*, but rather whether the arbitrator exceeded its authority to determine the issue and is thus distinguishable. Nevertheless, as discussed herein, the Kamenitzes are correct in that the trial court lacked authority to rule on the exception of *res judicata* as it is a question of procedural arbitrability.

[10] The Louisiana Supreme Court stated:

15

issue of waiver as one of procedural arbitrability, the Louisiana Supreme Court quoted extensively from the United States Supreme Court decision in *Howsam. See Lakeland Anesthesia, Inc.,* 2003-1662, p. 13, 871 So.2d at 390. The Louisiana Supreme Court stated, as follows:

> The U.S. Supreme Court, like this court, has stated that **waiver and other "procedural arbitrability" issues should be reserved to arbitrators rather than the courts.** Most recently, in discussing the issue of waiver with regards to the Federal Arbitration Act, a collection of statutes which is very similar to the Louisiana Binding Arbitration Law, the Court said in *Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed. 2d 491 (2002):
>
> This Court has determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Although the Court has also long recognized and enforced a "liberal federal policy favoring arbitration agreements," it has made clear that there is an exception to this policy: The question whether the parties have submitted a particular dispute to arbitration, i.e., the "question of arbitrability," is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." [].
>
> \* \* \*
>
> Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. Similarly, a disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court.
>
> At the same time, the Court has found the phrase "question of arbitrability" *not* applicable in other kinds of general circumstances where parties would likely expect that an arbitrator would decide the gateway matter. Thus "**'procedural' questions which grow out of the dispute and bear on its final disposition" are

Although we do not believe that the arbitrator is necessarily in the best position to determine if waiver has occurred, the legislature has determined that it is the arbitrator who will make that decision and it is not the province of this court to second guess such policy decisions. If, however, the parties to an arbitration agreement wish for the courts, rather than the arbitrator, to determine the issue of waiver, they may certainly construct the arbitration clause in such a manner as to so allow.

*Int'l River Ctr. v. Johns-Manville Sales Corp.*, 2002-3060, p. 8 (La. 12/3/03), 861 So.2d 139, 144.

**presumptively *not* for the judge, but for an arbitrator to decide. So, too, the presumption is that the arbitrator should decide "allegation[s] of waiver, delay, or a like defense to arbitrability**." Indeed, the Revised Uniform Arbitration Act of 2000 (RUAA), seeking to "incorporate the holdings of the vast majority of state courts and the law that has developed under the [Federal Arbitration Act]," states that an "arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." And the comments add that "in the absence of an agreement to the contrary, **issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide**." [Emphasis added].

*Int'l River Ctr. v. Johns-Manville Sales Corp.*, 2002-3060, pp. 6-7, 861 So.2d at 143p-44 (quoting *Howsam*, 537 U.S. at 83-85, 123 S.Ct. at 593).

Pursuant to *Howsam*, 537 U.S. at 83-85, 123 S.Ct. at 593, *res judicata* is a legal defense to arbitrability and thus a question of procedural arbitrability, not an issue for the trial court to decide. Louisiana state courts, however, have not addressed whether the exception of *res judicata* should be for the arbitrator or the trial court. Nonetheless, the federal Fifth Circuit and other circuits suggest that *res judicata* is question for the arbitrator, not the court.

Although decisions of federal courts are not binding on Louisiana state courts, federal appellate decisions are persuasive authority and can be reviewed to see if they provide guidance for our analysis. *Rousse v. United Tugs, Inc.*, 2017-0585, p. 6 (La. App. 4 Cir. 12/20/17), 234 So.3d 1179, 1184 (citing *Shell Oil Co. v. Sec'y, Revenue & Taxation*, 96-0929, p. 9, n. 11 (La. 11/25/96), 683 So.2d 1204, 1210; *FIA Card Servs., N.A. v. Weaver*, 2010-1372, p. 7 (La. 3/15/11), 62 So.3d 709, 714). Likewise, federal district court decisions are not binding on this Court, but we may find their "rationale persuasive and concur with [their] conclusions." *Id*. (quoting *Houston v. Avondale Shipyards, Inc.,* 506 So.2d 149, 150 (La. App. 4 Cir. 1987).

The Fifth Circuit in *Int'l Ass'n of Machinists & Aerospace Workers v. Tex. Steel Co.*, 639 F.2d 279, 283 (5th Cir.1981) indicated in a labor dispute that the *res judicata* effect of a prior arbitration award on future awards is a matter properly before the arbitrator. *See also Oil, Chem. & Atomic Workers Int'l Union, Loc. 4-367 v. Rohm & Haas, Texas Inc.*, 677 F.2d 492, 494 (5th Cir. 1982) ("Whether the award can be given an effect akin to *res judicata* or *stare decisis* with regard to future disputes that may arise between the parties, neither the district court nor this court should decide. If the parties do not agree, that issue itself is a proper subject for arbitration").[11] Other circuits have also found that *res judicata* is decision for

---

[11] The Eastern District Court in *Broadscape.com, Inc. v. KDS USA, Inc.*, *unpub.*, No. CIV. A. 01–CV–0607, 2001 WL 1063895 (E.D. La. Sept. 12, 2001) also found that *res judicata* is a matter for the arbitrator to decide. In *Broadscape.com*, the parties entered into two agreements which contained arbitration provisions. The parties went to arbitration and an award was granted against the defendant. The plaintiff moved to confirm the award in the Eastern District Court. The defendant filed an answer, reserving its right to invoke the arbitration provisions of the second agreement. The defendant filed a motion to stay the confirmation pending second arbitration. In response, the plaintiff filed a motion to stay the second arbitration on the grounds that it seeks to re-arbitrate issues covered and addressed in the first arbitration. In regard to the motion to stay the second arbitration, the Eastern District Court found that it did not have authority to stay the suit under the doctrine of *res judicata*. The *Broadscape*.com Court stated, in pertinent part:

> While Broadscape may be correct in its assertions that the issues KDS seeks to arbitrate in the second arbitration were raised or should have been raised in the first, that is not for the Court to decide. When parties agree that any disputes they have will be settled by arbitration, the Court must abide by such an agreement to effectuate the general purpose of arbitration. There is no doubt that the arbitration agreement is valid nor that the dispute falls within the scope of the arbitration agreement. These are the only two inquiries to be made by the Court in deciding the arbitrability of an issue. **Broadscape's *res judicata* and collateral estoppel claims should be raised with the arbitration panel** when KDS seeks to arbitrate the issue of conformity of Broadscape's software to its patent. **Whether or not KDS should be precluded from arbitrating this issue is not for the Court to decide**. The parties agreed that any dispute arising out of both the First and the Second Agreements would be resolved by arbitration. Broadscape's Motion to Stay the Re-Arbitration is DENIED. [Emphasis added].

*Id.*, 2001 WL 1063895, at *7; *See also InterSecurities, Inc. v. Bernard,* No. CIV. A. 07-720-C, 2009 WL 4716028, at *3–4 (M.D. La. Dec. 9, 2009) (in denying the plaintiff's request for injunctive relief, the federal district court found that "*res judicata* is a part of the merits of an arbitration dispute and an issue to be decided by the arbitrators"). In *Broadscape.com*, however, the Eastern District Court was addressing whether the second arbitration was barred by the first arbitration whereas in the present case, the trial court was asked to determine whether the lawsuit

the arbitrator. *See Grigsby & Assocs., Inc. v. M Sec. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011)(holding "*res judicata* is a question for the arbitrator, in the absence of an agreement to the contrary between the contracting parties"); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir.2004)(indicating *res judicata* is in the category of "disputes over whether a particular claim may be successfully litigated anywhere at all" a dispute that is presumptively assigned to the arbitrator); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th Cir.2000) (stating that a "*res judicata* objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court."); *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 968 (7th Cir. 2000) (stating that "the preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider"); *U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir. 1996) (stating that "the issue-preclusive effect of a prior arbitration is arbitrable and so must be arbitrated").

Here, inquiry into the factors of an exception of *res judicata* to determine whether the prior arbitration barred the legal proceedings necessarily requires the trial court to review the specifics of the first arbitration. Therefore, the exception of *res judicata* would be intertwined with merits of an arbitration dispute. Accordingly, the exception of *res judicata* is a question of procedural arbitrability for the arbitrator, not the trial court.

La. R.S. 9:4202 indicates that there are only two questions that should be determined by the courts upon a filing of a motion to stay, whether there was a

---

was barred by settlement from the first arbitration. Nevertheless, the rationale provided in *Broadscape*.com is relevant.

19

valid arbitration agreement and whether the dispute falls within the scope thereof. When the trial court reached the issue of *res judicata*, it exceeded its authority as that determination is a procedural matter for an arbitrator to consider. The trial court thus lacked subject matter jurisdiction to decide the exception of *res judicata.*

Subject matter jurisdiction is a threshold issue insofar as a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. *Guy v. Calvit*, 2019-1675, p. 7 (La. App. 1 Cir. 8/5/20), 311 So.3d 362, 367 (citing La. C.C.P. art. 3; *IberiaBank v. Live Oak Circle Dev., L.L.C.*, 2012-1636, p. 4 (La. App. 1 Cir. 5/13/13), 118 So.3d 27, 30). Because the trial court lacked jurisdiction to rule on the exception of *res judicata,* the judgment is void and vacated.

Furthermore, even if the trial court had authority to consider the exception of *res judicata*, as discussed below, the judgment would have had to be vacated and remanded because no evidence was offered at the hearing on the exception.

Exception of *Res Judicata*

The standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect. *Bd. of Sup'rs of La. State Univ. v. Dixie Brewing Co.*, 2014-0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688.

The party who urges the exception of *res judicata* bears the burden of proving its essential elements by a preponderance of the evidence. *Guidry v. One Source Facility Servs.,* 2004-2007, p. 3 (La. App. 4 Cir. 4/27/05), 901 So.2d 626, 628.

The doctrine of *res judicata* precludes re-litigation of all causes of action arising out of the same transaction or occurrence that were the subject matter of a

prior litigation between the same parties. *Contogouris v. Ocean Therapy Sols., LLC*, 2015-0472, p. 5 (La. App. 4 Cir. 1/27/16), 187 So.3d 18, 21 (citing *Oliver v. Orleans Par. Sch. Bd.*, 2014-0329, 2014-0330, pp. 20-21 (La. 10/31/14), 156 So.3d 596, 611).

Louisiana's *res judicata* statute is La. R.S 13:4231, which provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has stated that "the chief inquiry is whether the second action asserts a cause of action which arises out of the same transaction or occurrence that was the subject matter of the first action." *Myers v. Nat'l Union Fire Ins. Co. of La.*, 2009-1517 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 211 (quoting *Burguieres v. Pollingue*, 2002–1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053). However, to succeed on an exception of *res judicata*, a party must prove all five of the following elements:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

21

*Id*. at p. 7, 43 So.3d at 211 (quoting *Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053).

While *res judicata* is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. *Ortego v. State, Dep't of Transp. & Dev.*, 96-1322, p. 6 (La. 2/25/97), 689 So.2d 1358, 1363.

*Evidence on the Exception*

The Kamenitzes claim that the trial court erred in granting the exception of *res judicata* because SSCA failed to satisfy its burden of producing competent evidence to support it.

As noted earlier, SSCA included the Settlement Agreement and the joint motion to dismiss and arbitration order with its exception of *res judicata*. However, the record shows that SSCA did not formally introduce the exhibits into evidence.[12]

"Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Felix v. Safeway Ins. Co.*, 2015-0701 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 632 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88), Further, the "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux*, 2007-2143, p. 6, 983 So.2d 84, 88.

---

[12] The cross-claim was also not offered into evidence at the hearing on the exception.

22

In *Hoddinott v. Hoddinott*, 2016-1059 (La. App. 4 Cir. 4/19/17), 217 So.3d 540, an ex-wife brought a tort action against the ex-husband. The ex-husband filed an exception of *res judicata* based on a consent judgment pertaining to claims of physical violence and domestic abuse. The trial court granted the exception. On appeal, it was conceded that the consent judgment was not introduced into the record. The ex-husband argued, however, that because the record contained copies of the consent judgment the appellate court should take judicial notice. This Court, relying on *Denoux supra*, disagreed, vacated the judgment, and remanded the case for an evidentiary hearing on the exception to complete the record. The Court stated, in relevant part:

> [I]t is axiomatic that "[a]ppellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*[, 20]07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. Accordingly, evidence that has not been "properly and officially offered and introduced" in the district court cannot be considered by this court "even if it is physically placed in the record." *Denoux, supra.*
>
> * * *
>
> Counsel for the defendant concedes that the consent judgment was not introduced into the record, arguing only that, because the record contains copies of the judgment, this court should take judicial notice of it. This is contrary to the Louisiana Supreme Court's specific instruction that "[d]ocuments attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux, supra; see also Louisiana Business College v. Crump,* 474 So.2d 1366, 1369 (La. App. 2 Cir. 1985) ("There is no provision in the law for this court to take judicial notice of the suit records from another court.").
>
> * * *
>
> Because the defendant/appellee failed to introduce the record of the lawsuit and judgment underlying his claim of *res judicata* into evidence at the hearing, the district court judgment is vacated and the matter is remanded for an evidentiary hearing to determine the defendant's exception of *res judicata* based on a complete record.

*Id.* at pp. 2-3, 217 So.3d 540, 541-42; *see also White v. Cox Operating, LLC*, 2016-0901, p. 6 (La. App. 4 Cir. 4/5/17), 229 So.3d 534, 539 (concluding that remand

was required on the exception of *res judicata* when neither party introduced evidence or testimony at the hearing on the exception and the court lacked a complete record to review the trial court's judgment).

Similarly, in the present case, the record on appeal contains the Settlement Agreement and the arbitration order as both are attached to the exception of *res judicata*. The certified order that SSCA alleges to have provided to the trial court subsequent to the hearing is also contained in the record. Additionally, like the ex-husband in *Hoddinott*, SSCA failed to offer and introduce evidence at the hearing on the exception. While SSCA contends the evidence attached to the exception was sufficient to meet its burden of proof, it acknowledges the *Denoux* holding and asserts that if its failure to introduce the documents into evidence "must result in the reversal of the trial court's judgment" it submits that the "appropriate remedy" would be to remand the matter to trial court to complete the record.

Under *Hoddinot*, because SSCA failed to introduce evidence supporting its claim for *res judicata* at the hearing, the judgment should be vacated and the matter remanded to the trial court for an evidentiary hearing to determine the exception based on a complete record. However, as discussed above, because the trial court lacked jurisdiction to rule on the exception of *res judicata*, the judgment is vacated.

In sum, we find that upon the filing of a motion to stay, La. R.S. 9:4202 only permits the trial court to determine whether a valid arbitration agreement exists and whether the dispute between the parties is arbitratible. In ruling on the exception of *res judicata* based on a prior arbitration proceeding, the trial court exceeded its authority and considered a legal defense that is part of the dispute on the merits of the arbitration. Such questions of procedural arbitrability are for the arbitrator, not

the trial court. The trial court thus lacked jurisdiction to consider the exception of *res judicata* and accordingly the judgment on the exception is vacated.

Furthermore, even if the trial court had authority to determine the exception of *res judicata*, the judgment would have had to be vacated and remanded because SSCA failed to introduce evidence underlying its claim for *res judicata* at the hearing.

### DECREE

The trial court's March 12, 2019 judgment granting the exception of *res judicata* filed by SSCA is vacated. The dispute between the Kamenitzes and SSCA should be referred to arbitration. This matter is remanded to the trial court for further proceedings consistent with this opinion.

**JUDGMENT VACATED; REMANDED**