**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| **STATE OF LOUISIANA IN** | * | **NO. 2025-C-0223** |
| **THE INTEREST OF B.J.** | | |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
JUVENILE COURT ORLEANS PARISH
NO. 2022-293-04-NA, SECTION "E"
HONORABLE Desiree Cook-Calvin, JUDGE
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

**LOBRANO, J., CONCURS AND ASSIGNS REASONS**

Pamela R. Gibbs
4480 General DeGaulle Dr., Suite 217
New Orleans, Louisiana 70131

      COUNSEL FOR RELATOR—MICHELLE TIMBERLAKE

Lacey Bodley
MHAS/Child Advocacy Program
P.O. Box 52286
New Orleans, Louisiana 70152

      COUNSEL FOR RESPONDENT—MINOR CHILD, B.J.

Jules A. Fontana, III
Bureau of General Counsel, D.C.F.S.—State of Louisiana
1450 Poydras Street, Suite 1600
New Orleans, Louisiana 70113

      COUNSEL FOR RESPONDENT—STATE OF LOUISIANA
      DEPARTMENT OF CHILD AND FAMILY SERVICES

**WRIT GRANTED;**
**JUDGMENT REVERSED;**
**CASE DISMISSED**
**APRIL 28, 2025**

This is a juvenile case. Relator, Michelle Timberlake ("Ms. Timberlake"), seeks expedited supervisory review of the March 24, 2025 judgment rendered by the juvenile court for the Parish of Orleans, Division "E," which denied her *Exception of Lack of Subject Matter Jurisdiction, and/or Motion to Dismiss for Lack of Subject Matter Jurisdiction or to Transfer as an Inconvenient Forum* ("Exception of Lack of Jurisdiction"). After careful consideration of the law and the particularized facts of this case, Relator's writ application is granted, the district court's judgment denying the Exception of Lack of Jurisdiction is reversed, the Exception of Lack of Jurisdiction is granted, and the matter is dismissed.

### FACTUAL AND PROCEDURAL HISTORY

On October 13, 2022, the Louisiana Department of Children and Family Services ("DCFS") received a report of sexual abuse perpetrated against a minor, B.J.—the report was made by her father, Drew Jacobs ("Mr. Jacobs").[1] DCFS initiated an investigation that resulted in a report, which recommended that an instanter order be issued for the removal of the child from the custody of her mother. Pursuant to that recommendation, an instanter order was issued on

---

[1] In order to safeguard the anonymity of the minor child, we will use the child's initials throughout this opinion.

1

October 21, 2022, placing B.J. in the care of DCFS and appointing the Department of Mental Health Advocacy Services, Child Advocacy Program (collectively, the "State") to represent B.J.'s interests in any subsequent proceedings. The order also set a continued custody hearing to commence on October 27, 2022. Notably, the order decreed that if a Child in Need of Care (CINC) petition was not filed within thirty days of the continued custody hearing, "the child(ren) shall be returned to their parents."

At the conclusion of the continued custody hearing, the juvenile court issued a written judgment on the same day, ordering, *inter alia*, that physical and legal custody of B.J. was to be transferred to her aunt, Courtney Jacobs ("Ms. Jacobs"), who is Mr. Jacobs' sister and a resident of Virginia. The judgment noted that both parents stipulated that "DCFS had reasonable grounds to remove the child from the home without admitting to any facts in the affidavit/instanter except to admit" that they are the parents of B.J. Additionally, the judgment decreed that "[t]he Court finds that . . . the child is in need of care, abused or neglected," and the case was placed on inactive status.

On February 5, 2025, Ms. Timberlake filed the Exception, which came for a motion and status hearing on March 24, 2025. The juvenile court rendered a written judgment on April 9, 2025, in which the court claimed exclusive original jurisdiction pursuant to La. Ch.C. arts. 303 and 309—child in need of care proceedings—and continuing and exclusive jurisdiction pursuant to La. Ch.C. art. 313.[2] It is from that judgment that Ms. Timberlake now seeks supervisory relief.

**DISCUSSION**

*Standard of Review*

---

[2] Louisiana Children's Code articles 303, 309 and 313 will be more fully discussed, *infra*.

"While a district court's factual findings on appellate review are subject to the manifest error standard of appellate review, jurisdiction itself is a question of law subject to *de novo* review." *State in Interest of C.D.*, 18-0834, p. 6 (La. App. 4 Cir. 12/19/18), 262 So.3d 929, 932 (citing *Law Off. of Paul C. Miniclier, PLC v. Louisiana State Bar Ass'n*, 14-1162, p. 4 (La. App. 4 Cir. 5/27/15), 171 So.3d 1013, 1015). "The issue of subject[-]matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action." *Catrambone v. Liotta*, 24-0456, pp. 6-7 (La. App. 4 Cir. 2/14/25), ___ So.3d. ___, ___, 2025 WL 501924 at *3 (quoting *Jordan v. Chase Bank*, 2021-0533, p. 5 (La. App. 4 Cir. 5/25/22), 366 So.3d 215, 219). "A judgment rendered by a court which lacks jurisdiction over the subject matter of the action or proceeding is void." *Id*. at p. 7, 2025 WL 501924 at *3 (citing La. C.C.P. art. 3).

*Issues raised by Ms. Timberlake*

Ms. Timberlake raises two issues for us to consider in this case. First, she argues that the Orleans Parish juvenile court is improperly exercising subject-matter jurisdiction over CINC and custody issues when a CINC petition was never filed, as mandated by La. Ch.C. art. 632.[3] Alternatively, Ms. Timberlake asserts that Orleans Parish is an inconvenient forum because none of the interested parties reside in Louisiana—Ms. Timberlake and B.J. have been domiciled in Virginia since 2022, and Mr. Jacobs has been a resident of Nebraska throughout the proceedings. She points out that all current school records, medical records and most of the witnesses with knowledge of the child are in Virginia.

---

[3] Louisiana Children's Code article 632 will be discussed more fully, *infra*.

In opposition, the State argues that, in this case, La. Ch.C. arts. 302(1), 303(2) and 604 confer exclusive original subject-matter jurisdiction to Orleans Parish juvenile court.  Louisiana Children's Code article 302(1) provides:

Juvenile jurisdiction shall be exercised as follows:

(1) Special juvenile courts created by law for Caddo, Orleans, Jefferson, and East Baton Rouge Parishes shall have exclusive original juvenile jurisdiction, and any other jurisdiction conferred by the statute creating them, in the parish or parishes for which they are created. Judges of these courts shall exercise their juvenile jurisdiction according to the provisions of this Code.

Louisiana Children's Code article 303(2) further specifies that:

A court exercising juvenile jurisdiction shall have exclusive original jurisdiction over:
* * *
(2) Child in need of care proceedings pursuant to Title VI.

Finally, La. Ch.C. art. 604 explains:

A court exercising juvenile jurisdiction shall have exclusive original jurisdiction, in conformity with any special rules prescribed by law, over any child alleged to be in need of care and the parents of any such child.

The State then argues that this jurisdiction is continuing until the occurrence of one of the limited circumstances listed in La. Ch.C. art. 313,[4] which provides, in pertinent part:

A. A court exercising juvenile jurisdiction no longer exercises such jurisdiction in any proceeding authorized by this Code upon:

(1) Declination of jurisdiction.
(2) Transfer of the proceeding.
(3) Expiration or satisfaction of an informal adjustment agreement.

---

[4] Louisiana Children's Code article 309 advises, in part:

A. Except as provided in Article 313, a court exercising juvenile jurisdiction shall have continuing jurisdiction over the following proceedings and the exclusive authority to modify any custody determination rendered, including the consideration of visitation rights:

(1) Child in need of care proceedings pursuant to Title VI.

4

(4) Expiration or satisfaction of an informal family services plan agreement.

(5) Expiration, satisfaction, or vacation of a juvenile disposition or adult sentence.

(6) Dismissal of the proceeding.

Notwithstanding that a CINC petition was never filed, the State avers that there are no other codal provisions that would divest the juvenile court's jurisdiction and that it is in B.J.'s best interest for the Orleans Parish juvenile court to continue its oversight of the proceedings.

Under the facts presented here, we find Ms. Timberlake's position to be more persuasive.

Louisiana Children's Code article 631(A) mandates that:

A. A child in need of care proceeding shall be commenced by petition filed by the district attorney. The Department of Children and Family Services, when authorized by the court, may file a petition if there are reasonable grounds to believe that the child is a child in need of care.

Louisiana Children's Code article 632(A) and (C) provide the time limitations for such an action:

A. If a child is continued in custody prior to adjudication, or if a protective order is issued, a petition requesting that the child be adjudicated in need of care shall be filed within thirty days of the hearing to determine continued custody. If the child remains in the home and a safety plan order has been issued, a petition requesting that the child be adjudicated in need of care shall be filed within forty-five days of the issuance of the safety plan order.

\* \* \*

C. If no petition is filed within the applicable time period, the child shall be returned to the parent or the safety plan shall automatically be terminated.

Instead of following these express procedural directives, the juvenile court appears to have combined the continued custody hearing with a CINC hearing when it declared B.J. to be a CINC in its continuing custody judgment. We can find no statutory or jurisprudential authority for such an adjudication. In *In re State in the*

*Interest of Toler*, 262 La. 557, 566, 263 So.2d 888, 892 (La. 1972), the Louisiana Supreme Court held that "any proceeding conducted in [the] absence [of a petition], as was the instant one, is null and can have no legal effect." The Court further clarified that while informal action may be taken in emergency circumstances, the court cannot render a custody judgment of indefinite duration without a petition and adjudication. *Id.*, 262 La. at 565-66, 263 So.2d at 891. Similarly, in *State ex rel. of G.O.*, 10-571, p. 7 (La. App. 3 Cir. 12/22/10), 54 So.3d 782, 787, the appellate court reaffirmed that a petition is a necessary prerequisite to juvenile court jurisdiction in CINC cases. These principles remain binding under the redesignated Children's Code, as acknowledged in *State in Interest of M.H.*, unpub., 22-1058, p. 1 (La. App. 1 Cir. 9/27/22), 2022 WL 4482690, at *1. To the extent that no CINC petition has ever been filed in this case, any continued proceedings conducted by the juvenile court are null and void and have no legal effect. Because we find this issue to be determinative of the case *sub judice*, we pretermit any discussion of whether the Orleans Parish juvenile court is an inconvenient forum.

## DECREE

For the foregoing reasons, Relator's writ application is granted, the district court's March 24, 2025 judgment denying the Exception of Lack of Jurisdiction is reversed, the Exception of Lack of Jurisdiction is granted, and the matter is dismissed.

**WRIT GRANTED;**
**JUDGMENT REVERSED;**
**CASE DISMISSED**

6